UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BANK OF COMMUNICATIONS,
NEW YORK BRANCH,

Case No. 07 CIV 4628

Plaintiff,

- against -

COMPLAINT

OCEAN DEVELOPMENT AMERICA, INC,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG,

Defendants.
-----------------------------------------------------------------X

Bank of Communications, New York Branch ("Plaintiff"), by its attorneys, Wu & Kao, as and for its complaint against Ocean Development America, Inc, Hongming Li a/k/a Michael Li and Xiaoming, Zhang (collectively "Defendants"), alleges as follows:

## THE PARTIES

1. That at all times hereinafter mentioned, Plaintiff, Bank of Communications, New York Branch (the "Bank"), is and continues to be a federal branch of a foreign bank which is fully authorized to conduct banking business in the State of New York, having a place of business at 55 Broadway, New York, New York 10006.

2. That at all times hereinafter mentioned, defendant, Ocean Development America, Inc. ("Ocean Development") was and continues to be a California corporation having its principal place of business at 13453-A Brooks Drive, Baldwin Park, CA 91706.

3. Upon information and believe, Hongming Li a/k/a Michael Li is an officer of Ocean Development with an address at 13453-A Brooks Drive, Baldwin Park, CA 91706.

4. Xiaoming Zhang is the president of Ocean Development and the spouse of Hongming

Li, with an address at 13453-A Brooks Drive, Baldwin Park, CA 91706.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(2) as there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the jurisdictional amount, exclusive of interest and costs. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a)(2) since this is plaintiff's place of business and is where a substantial part of the events or omissions giving rise to the claims occurred.

## FIRST CAUSE OF ACTION

### (Federal Judgment on a NY Supreme Court Money Judgment against Defendant Ocean Development)

6. Plaintiff reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 5 with the same force and effect as if set forth herein at length.

7. On or about May 1, 2001, Ocean Development Inc. executed and delivered a Revolving Note ("Note") to the Bank in the principal amount of Five Million Five Hundred Thousand and 00/100 ($5,500,000.00) Dollars with interest at a fluctuating rate equal at all times to one quarter (0.25%) of one percentage point per annum below the Prime Rate announced by the Bank from time to time for the loan (the "Interest Rate") and the default rate of five percent (5%) per annum in excess of the applicable Interest Rate ("Default Rate") (a copy of the Note and Credit Agreement that secured the Note are annexed hereto and fully incorporated herein as part of Exhibit "A").

8. Defendant Ocean Development defaulted on the Note.

9. In October 2003, the Bank filed a Complaint in Supreme Court of the State of New

York, County of New York, under index number 603101/03 against the Defendant Ocean Development ("NY Supreme Court Action"). (See the Verified Complaint annexed hereto and fully incorporated herein as part of Exhibit "B").

10. On June 2, 2005, the Hon. Herman Cahn, JSC granted a Judgment in the amount of $4,874,210.58 against defendant Ocean Development ("NY Supreme Court Judgment").

11. The NY Supreme Court Judgment against Ocean Development was filed and entered with the NY County Clerk on August 16, 2006 (a "filed" stamped copy of the Judgment is annexed hereto as Exhibit "C").

12. There is now due and owing to Plaintiff the principal sum of $4,874,210.58 Dollars, plus interest from August 16, 2006.

13. The Bank has made due demand for payment of the Judgment to Ocean Development, and to Hongming Li and Xiaoming Zhang on Ocean Development's behalf, but has received no response or payment from defendant Ocean Development which has refused to make payment on the NY Supreme Court Judgment.

14. By reason thereof, there is now due and owing to the Bank from the defendant Ocean Development, the sum of $4,874,210.58 plus interest, no part of which has been paid, although due and duly demanded.

## SECOND CAUSE OF ACTION

**(Avoidance of Fraudulent Conveyances Per NY Debtor & Creditor Laws)**

15. Plaintiff, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 14 with the same force and effect as if set forth herein at length.

16. The fraudulent transfers of the Premises and Monies (see below) which form the basis of this cause of action occurred in California and were by and between all defendants. (See Title Report, annexed hereto as Ex. D).

17. Upon information and belief, defendant Ocean Development owned valuable real property located at 13453-A Brooks Drive, Baldwin Park, California (the "Premises") and derived substantial rent and revenues from the Premises.

18. The Premises is more particularly described in Ex. D, the Title Report, annexed hereto and incorporated herein fully by this reference.

19. On June 24, 2004 (i.e. between October, 2003, the date of the filing of the NY Supreme Court Action and June 2, 2005, the date of the NY Supreme Court Judgment) the defendant Ocean Development by its President, defendant Xiaoming Zhang unlawfully and fraudulently conveyed the Premises to defendants Hongming Li and Xiaoming Zhang, husband and wife as joint tenants ("Conveyance of the Premises"). (See Ex. D).

20. On or about November 14, 2005 (i.e. after June 2, 2005, the date of the NY Supreme Court Judgment) the individual defendants unlawfully and fraudulently mortgaged the Premises in the amount of $500,000.00 ("Conveyance of Monies").

21. Under NY CLS Dr & Cr § 273 (2007), the Conveyances of the Premises and the Monies rendered Ocean Development insolvent as the Conveyances were made without fair consideration.

22. Under NY CLS Dr & Cr § 273-a (2007), the Conveyances of the Premises and the Monies were made without fair consideration by defendants knowing that defendant Ocean Development was a defendant and a judgment debtor in the NY Supreme Court Action.

23. Under NY CLS Dr & Cr § 276 (2007), the Conveyances of the Premises and the Monies were made with actual intent to hinder, delay and defraud defendants' creditors and with the particular intent to defraud plaintiff Bank.

24. Under NY CLS Dr & Cr § 276-a (2007), as the Conveyances of the Premises and the Monies were made with actual intent to defraud plaintiff Bank, it is entitled to its attorneys fees in the NY Supreme Court Action and the within federal proceeding and any proceedings. supplemental thereto.

**WHEREFORE**, plaintiff Bank demands both temporary relief and permanent relief on all causes of action as follows:

### TEMPORARY RELIEF

(a) Entry of an order of attachment against the Premises and the Monies and all checking accounts associated with the defendants;

(b) Entry of a temporary restraining order enjoining all defendants and their agents, representatives and others acting in concert with them from transferring, assigning, encumbering or otherwise disposing of or destroying any and all assets;

(c) Entry of an order requiring defendants to immediately furnish plaintiff Bank with a documented accounting of all rental revenues from the Premises since the date of the fraudulent conveyance of the Premises;

(d) Entry of a temporary restraining order enjoining defendants and their agents, representatives and others acting in concert with them from concealing, discarding, destroying or in any way altering relevant documents;

(e) Entry of an order granting plaintiff Bank expedited discovery of defendants and any others who are believed by plaintiff Bank to have knowledge of the transfer of the Premises and the Monies; and

(f) Entry of an order appointing a temporary receiver of the rental income from the Premises.

## PERMANENT RELIEF

(a) Entry of a Federal Judgment on the NY Supreme Court Money Judgment against defendant Ocean Development (First Cause of Action);

(b) Entry of a judgment setting aside the fraudulent conveyances of the Premises and the Monies;

(c) Entry of a judgment against the individual defendants for the rental value of the Premises and interest on the Monies while they actually had the use of the fraudulently conveyed Premises and Monies, this amount to be calculated through an accounting of the rental revenues received and the interest due since these fraudulent transfers (Second Cause of Action);

(d) Compensatory damages (All Causes of Action);

(e) Punitive damages (Second Cause of Action);

(f) Costs and attorneys' fees (All Causes of Action); and

(g) Such other and further relief as the court deems proper.


Dated: New York, New York
       May 21, 2007

                                            WU & KAO
                                            Attorneys for Plaintiff
                                            Bank of Communications,
                                            New York Branch

                                    By:     [signature]
                                            Jacob Ginsburg, Esq. (JG-8981)
                                            Of Counsel
                                            747 Third Avenue, 22nd Floor
                                            New York, New York 10017
                                            (212) 755-8880

C:\data4.wu\Bank Communications\pleadings\final complaint and exhibits\complaint 052107.doc

6