**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BANK OF COMMUNICATIONS,
NEW YORK BRANCH,

Case No. 07 CV 4628

Plaintiffs,

**CERTIFICATE OF SERVICE**

- against -

OCEAN DEVELOPMENT AMERICA, INC,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG

Defendants.
-------------------------------------------------------------------X
STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK  )

May S. Chung, being duly sworn, deposes and says:

I am over 18 years of age, reside in the State of New York, and am not a party to this action.

On October 15, 2007, I served a true copy of the Notice of Motion for Default Judgment

first-class mail, by depositing it, enclosed in a postage-paid wrapper, in a post office or official

depository of the U.S. Postal Service within New York State addressed to the following:

Ocean Development America, Inc.
13453-A Brooks Drive
Baldwin Park, California 91706

Ocean Development America, Inc.
3108 Willard Avenue
Rosemead, California 91770
Attn: Mr. Charles Yu, Service Agent

Hongming Li a/k/a Michael Li
13453A Brooks Drive
Baldwin Park, California 91706

Xiaoming Zhang
13453A Brooks Drive
Baldwin Park, California 91706



May S. Chung

Sworn  to before me this
15th day of October 2007

Notary Public

ANNE SEELIG
Notary Public of the State of New York
No. 01SE6113810
Qualified in New York County
My Commission Expires August 2, 2008

**EXHIBIT G**

# WU & KAO

### ATTORNEYS AT LAW

747 THIRD AVENUE
22ND FLOOR
NEW YORK, NEW YORK 10017

———

(212) 755-8880

FACSIMILE
(212) 755-8890
(212) 755-5049
www.wuandkao.com

VIA ECF

January 8, 2008

Honorable Thomas P. Griesa, USDJ
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007

Re:    Bank of Communications v. Ocean Development America, Inc.,
       Honming Li a/k/a Michael Li and Xiaoming Zhang
       Index No. 07-CV-4628

Dear Judge Griesa:

We are the attorneys for Bank of Communications, the Plaintiff in the above-captioned action. For your Honor's reference, please be advised as follows:

On June 1, 2007 Plaintiffs commenced this action by filing the Summons and Complaint. On June 21 and 22, 2007 defendants were served, and the time for defendants to answer or otherwise appear expired on July 22, 2007, thirty days after service of the Summons and Complaint.

On August 13, 2007, your Honor's clerk, Natalie, informed us that Defendants, after being served, wrote letters directly to the Court (and did not send us copies). She forwarded the letters to us and instructed us to respond to Defendants directly. After sending our response letter to Defendants per the Court's instruction, on August 14, 2007, neither we, nor our client, nor the Court, had received any correspondence or contact from Defendants.

On September 13, 2007 Natalie informed us that Court had receive no response or further correspondence, or any Answer from Defendants, and that she would advise when we were permitted to file our Motion for Default Judgment.

On October 9, 2007 we spoke with your Honor's clerk, John Beale, who had adivsed that due to the situation and Defendants' actions and as neither we nor the Court had received any response or further communications from Defendants, instead of scheduling an initial conference, that the Court would permit us to file our Motion for Default Judgment, which we filed and served.

Most recently, in the last week of December, 2007, Mr. Beale called and explained that the Defendants have, upon receiving our Motion for Default Judgment, again written letters to the Court (which, as they have done in the past, did not send copies to us). Mr. Beale advised us that your Honor would like to hold a telephonic initial conference rather than just enter the default, in light of the letters from Defendants, and instructed us to contact Defendants directly at the phone number Defendants provided to the Court to schedule the conference.

Although we made several (over 10) calls to Defendants and left voicemail messages each time we called, to date, we have received no response. We informed Mr. Beale of the situation and he informed us that he would speak to your Honor and advise us how to proceed.

We understand that the Court, as a matter of policy, usually does not grant a default when it appears that Defendants are trying to make an effort to participate in the action. However, in this matter, and by Defendants' actions in the previous New York Supreme Court case, it is clear that Defendants are merely trying to avoid enforcement of the New York Supreme Court Judgment in the amount of $4,874,210.58 entered on August 14, 2006, or avoid entry of a Default Judgment in the current action, but have no intention to participate in this or any other action.

Defendants have wilfully and fraudulently transferred the title of the premises belonging to Ocean Development America, Inc. to themselves as individuals to avoid enforcement of the prior Judgment. In the subject action, Defendants have wilfully attempted to avoid service by changing the office of Ocean Development America, Inc.'s registered agent in California several times, have sent letters to the Court without providing copies to our firm, and have not returned any of our calls regarding scheduling the initial conference.

In view of the foregoing, we respectfully request your Honor's kind understanding of our client's situation to possibly expedite the entry of a default judgment, or some alternative action to sustain a response from Defendants.

Thank you.

Very truly yours,

WU & KAO

Anne Seelig (AS-3976)

AS
W&K:/G:/BOCM-Ocean/Judge-ltr/1808/14

**EXHIBIT H**

# WU & KAO

### ATTORNEYS AT LAW

747 THIRD AVENUE
22ND FLOOR
NEW YORK, NEW YORK 10017

(212) 755-8880

FACSIMILE
(212) 755-8890
(212) 755-5049
www.wuandkao.com

<u>VIA ECF</u>

January 28, 2008

Honorable Thomas P. Griesa, USDJ
United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007

       Re:    Bank of Communications v. Ocean Development America, Inc.,
               Honming Li a/k/a Michael Li and Xiaoming Zhang
               <u>Index No. 07-CV-4628</u>

Dear Judge Griesa:

     We are the attorneys for Bank of Communications, the Plaintiff in the above-captioned action. We are writing to follow up on our previous letter to your Honor dated January 8, 2008 (a copy is attached) seeking a default judgment against Defendants.

     Following submission of our January 8, 2008 letter, wherein we notified your Honor of our 10 calls to Defendants, we made four additional calls to Defendants as follows, again receiving no response:

| <u>Date</u> | <u>Time</u> | <u>Phone Number</u> | <u>Result</u> |
|------|------|--------------|--------|
| 1/9/08 | 5:00 P.M. | (626)303-8650 | left voicemail |
| 1/14/08 | 2:53 P.M. | (626)303-8650 | left voicemail |
| 1/17/08 | 10:00 A.M. | (626)303-8650 | left voicemail |
| 1/22/08 | 4:51 P.M. | (626)303-8650 | left voicemail |

     As the Court is aware, there is a long history of Defendants' non-compliance and non-responsiveness. Notwithstanding the foregoing, Defendants have defaulted on their Bank of Communications loan for over Four Million Dollars, and, in an effort to avoid repayment or satisfaction of a judgment, Defendants Li and Zhang have fraudulently transferred Ocean Development America Inc.'s premises to themselves as individuals. It is urgent that we obtain a default judgment to protect the Bank's interests.

     In view of the foregoing, we respectfully request your Honor's kind understanding to possibly expedite the entry of a default judgment.

Very truly yours,

WU & KAO

Anne Seelig (AS-3976)

AS

cc:    Honming Li a/k/a Michael Li
        Xiaoming Zhang
        Ocean Development America, Inc.
        Bank of Communications
W&K:/G:/BOCM-Ocean/Judge-ltr/12808/14

**EXHIBIT I**

# WU & KAO

### ATTORNEYS AT LAW

747 THIRD AVENUE
22ND FLOOR
NEW YORK, NEW YORK 10017

FACSIMILE
(212) 755-8890
(212) 755-5049
www.wuandkao.com

(212) 755-8880

VIA ECF

February 29, 2008

Honorable Thomas P. Griesa, USDJ
United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007

Re:    Bank of Communications v. Ocean Development America, Inc.,
       Honming Li a/k/a Michael Li and Xiaoming Zhang
       Index No. 07-CV-4628

Dear Judge Griesa:

We are the attorneys for Bank of Communications, the Plaintiff in the above-captioned action.  Pursuant to your clerk Natalie's instruction on February 28, 2008, we write to your Honor to resubmit our Motion for Default Judgment in light of the recent events.

As your Honor is aware, following our initial submission of the Motion for Default Judgment and pursuant to the Court's instruction, we made numerous phonecalls to Defendants to attempt to schedule an initial telephone conference, all to no avail.

In view of the foregoing, we respectfully request your Honor's kind understanding to expedite the entry of the default judgment.

Very truly yours,

WU & KAO

Anne Seelig (AS-3976)

AS
cc:    Honming Li a/k/a Michael Li
       Xiaoming Zhang
       Ocean Development America, Inc.
       Bank of Communications
W&K:/G:/BOCM-Ocean/Judge-ltr/12808/14

**EXHIBIT J**

English Translation of Exhibit J, Declaration of Bing Li

---

**Shantou State-Owned Assets Online**

Page 1 of 5

**<u>Enterprise List</u>**

...

Page 2 of 5

...

Page 3 of 5

...

Page 4 of 5

Shantou Ocean Enterprises (Group) Company

Page 5 of 5

...



| | |
|---|---|
| 主 要 职 责 | 市 属 企 业 名 单 |
| 机 构 设 置 | 汕头凯达泓（集团）公司<br>汕头市国生实业发展公司<br>汕头市海湾实业总公司 |
| 办 事 指 南 | 汕头市华海贸易总公司<br>汕头市华夏商贸总公司 |
| 市属企业名录 | 汕头市经济贸易发展总公司<br>汕头市经协总公司<br>汕头市科财公司 |
| 招商引资洽谈室 | 汕头市商业对外贸易总公司<br>粤东企业公司珠海支公司 |
| 建 言 信 箱 | 汕头市建安（集团）公司<br>汕头市建材企业集团公司 |

汕头市建筑设计院
汕头市城市建设开发总公司
汕头市建筑工程总公司
汕头市佳南经济发展总公司
汕头市安居工程发展总公司
汕头市房地产经营总公司
汕头市燃气建设公司
汕特南都建设发展总公司
汕头市华南医械综合贸易公司
汕头市医药生物制品公司
汕头龙珠水质净化厂
汕头市文物商店
汕头市艺术广告公司
汕头市人观园戏院
汕头市书画社
汕头影艺总公司
汕头市科学器材总公司
汕头市光电研究所
汕头市技术开发交流中心
汕头市计算中心
汕头市商业第一幼儿园
汕头市商业第二幼儿园
汕头市商业第三幼儿园
汕头市对外经济贸易委员会幼儿园
汕头市自来水总公司
汕头市房地产发展总公司
汕头市房屋经营管理所
汕头市国土房产局勘探设计室
汕头市政工程总公司



创建国企好班子



 



汕头五洲(集团)公司
汕头市潮星经济实业发展公司
汕头市潮星企业公司
汕头市东海企业发展总公司
汕头广信企业（集团）有限公司
汕头大洋（集团）公司
汕头鳗联（集团）公司
汕头虾联企业（集团）公司
汕头市矿泉饮料总公司
汕头经济特区利隆经济发展公司
汕头经济特区同兴发展总公司
汕头市农业物资发展总公司
汕头农业基地开发总公司
汕头市林业实业发展总公司
汕头市林产品发展公司
汕头市木材工贸公司
汕头市林业物资贸易公司
汕头市粤东木材物资发展公司
汕头农业投资总公司
汕头市种子公司
汕头市茶果开发服务公司
汕头市水果蔬菜发展总公司
汕头市畜牧发展总公司
汕头市农业服务站
汕头经济特区水产供销总公司
汕头经济特区金贸实业发展总公司
汕头市水产总公司
汕头市水产实业总公司
广东省汕头水产进出口公司
汕头经济特区海宏发展总公司
汕头市水产科贸公司
广东省汕头经济特区对外商业（集团）公司
汕头市水利水电勘测设计院
汕头市水电基建公司
汕头经济特区水电物资发展总公司
汕头市水电实业发展公司
汕头市河砂联合开发公司
汕头旅游（集团）公司
汕头机械（集团）公司
汕特科信发展总公司
汕特联安交通工程发展公司
汕特旅游商贸实业公司
汕特南源发展总公司
汕特燃机发电公司
汕特生产资料进出口总公司
汕特乡镇企业物资公司
汕特协信企业总公司
汕头市经济协作公司
汕头新辉发展公司
汕特西南经济开发公司
汕头市经贸发展公司

汕头市腾翔贸易公司
汕头市汕华能源原材料开发公司
汕头市经济技术协作发展公司
汕头国际贸易（集团）公司
汕头投资开发公司
汕头振侨（集团）公司
汕头市粤东经济发展公司（发改）汕头高益有限公司
汕头市金凤大桥路桥建设有限公司
汕头市轻型汽车运输公司
汕头市交通小汽车出租公司
汕头市交通贸易开发公司
汕头市交通第二材料供应公司
汕头市交通开发总公司
汕特兴源运输联合公司
汕头市轮渡公司
汕头市公共交通总公司
汕特航空实业发展总公司
汕头市交通综合服务总公司
汕特运输总公司
汕头市汽车运输总公司
汕头市航运总公司
汕头市礐石大桥建设总公司
汕头高速公路公司
汕头港务集团有限公司
汕头工艺美术(集团)公司
汕头市轻工业总公司
汕头市二轻企业总公司
汕特海外影视制作中心
汕特华商实业公司
汕头市电子工业总公司
汕头市纺织工业总公司
汕头市食品糖纸工业总公司
汕头市塑料皮革总公司
汕特塑胶实业总公司
汕头半导体器件厂
汕头市钟发实业有限公司
汕头市工业资产经营有限公司
汕头市经发企业总公司
汕头市饮食服务总公司
汕头市冷冻厂
汕头市糖烟酒总公司
汕头市宏贸物资公司
汕头市鮀岛宾馆
汕头经济特区拍卖行
汕头市工业发展基金管理中心
汕特轻纺（集团）公司
汕头工业物资进出口集团公司
汕头市鮀安贸易总公司
汕头市中南对外企业总公司
汕头粤东企业(集团)公司
汕头市商业贸易中心

汕头市市场物业管理服务中心
汕头市协丰贸易总公司
汕头市中南汽车运输公司
汕头市珠江经济发展公司
汕头市珠汕商业公司
汕瑜房地产开发公司
汕头市保税区华源贸易发展公司
汕头市交安经济科技发展公司
香港粤东公司（市府办）、
香港龙兴公司（市府办）
汕头市电力开发公司
汕头超声电子（集团）公司
汕头海洋（集团）公司
汕头中孚集团公司
公元感光材料工业总公司
汕头市潮星商贸公司
汕头市粮食企业集团公司
汕头超声仪器研究所
汕头市食品企业集团公司
汕头市五百纺集团公司
汕头市华联集团有限公司
汕头市外轮友谊集团有限公司
汕头利莱(集团)公司
汕头陶瓷（集团）公司
汕头化工发展（集团）公司
汕头医药（集团）公司
汕头万年青制药(集团)公司
汕头市乡镇企业联合总公司
汕头市乡镇企业供销公司
汕头市工交物资供销总公司
汕头市汕能发展公司
汕特经益企业公司
汕头市常汕电子公司
汕头市工业房地产开发公司
市商业储运公司
汕头经济特区南峰（集团）公司
汕特汕河企业发展总公司
汕特新源发展总公司
汕头亿峰期货经纪有限公
汕头怡信实业有限公司
汕头嘉华国际贸易有限公司
汕头市国土开发服务公司
汕头市振华建筑公司
汕头市渔业公司
汕头市委招待所(汕头迎宾馆)
汕头迎宾花园(汕头市人民政府第三招待所)
汕头市人民政府招待所(汕头宾馆)
汕头物资集团公司
广州漳州物资转运站
汕特北方商贸总公司

汕特经贸发展公司
广东省汕头轻工业品进出口公司
汕特银辉发展总公司
汕特珠汕总公司
汕头韩江实业（集团）公司
广东省汕头渔业用品进出口公司
广东省汕头纺织品进出口公司
广东省汕头工艺品进出口公司
广东省汕头土产进出口公司
广东汕头茶叶进出口公司
广东省汕头畜产进出口公司
广东省汕头五金矿产进出口公司
广东省汕头机械进出口公司
广东省汕头中食集团公司
广东省汕头果菜进出口公司
广东省汕头粮油进出口公司
广东省汕头医药保健品进出口公司
中包进出口汕头公司
广东出口商品基地建设汕头公司
汕头市东智广告公司
汕头国际经济技术合作公司
广东省对外经济发展汕头公司
汕头市外经商贸公司
广东省汕头经济特区对外贸易开发总公司
汕头经济特区广联物资进出口公司
汕头经济特区华盛实业公司
香港禧时公司
汕头市产权交易市场
汕头绅达拍卖行
汕头证券登记公司
汕头市财务咨询服务中心
汕头市工业设备安装工程总公司
汕头市振华建设公司
汕头市服装职业技术学校

版权所有：COPYRIGHT 2006 粤ICP备07015336号

主办：汕头市人民政府国有资产监督管理委员会    地址：汕头市衡山路金涛庄西区16幢亿兴大厦5楼    联系电话：8789611

**EXHIBIT K**



**BOCOM's Profile**

Founded in 1908, Bank of Communications (BOCOM) is one of four oldest banks in China and one of the early note-issuing banks of China. In 1958, while the Hong Kong Branch continued to operate, the mainland business of BOCOM was merged with People's Bank of China and the People's Construction Bank of China on BOCOM's foundation. To operate in line with economic reforms and development, BOCOM was restructured on July 24, 1986 with approval from the State Council and began operation anew on April 1, 1987, thus becoming China's first state-owned shareholding commercial bank. Its head office was in Shanghai.

As China's first national shareholding commercial bank, BOCOM has been playing two roles as the successor to a century-old national banking brand and the pioneer of China's banking reform since its re-establishment. BOCOM has achieved six "firsts" in China's banking reform and development: the first to implement shareholding system for its capital and mode of ownership form; the first to command an organizational structure based on market rules and cost/return rules; the first to introduce competition into the banking industry in China; the first to introduce assets/liability ratio management and apply it for regulating business operations and risk; the first to build new bank/enterprise relationships based on two-way selection; and the first commercial bank to integrate banking, insurance and securities businesses. BOCOM's experience in reform and development paves the way for the development of shareholding commercial banks in China and exemplifies the banking reform of China.

In June 2004, with the banking reform in China well under way, the Sate Council approved BOCOM's general plan on deepening the reform of its shareholding structure in a bid to further develop BOCOM into a modern banking enterprise under a century old national brand with improved corporate governance, adequate capital, strict internal controls, safe operations, excellent services and return, and strong international competitiveness. Through the reform, BOCOM has completed financial reorganization, successfully introduced mainland and overseas strategic investors like HSBC, the national Social Security Fund and China SAFE Investment Ltd., and enhanced its organizational structure. On June 23, 2005, BOCOM was listed in Hong Kong, the first China based commercial bank of its kind to get listed outside of the Chinese mainland. On May 15, 2007, BOCOM was listed in Shanghai Stock Exchange. Now BOCOM has grown into a well-established modern commercial bank operating under a century old national brand with its "well-defined development strategy, perfected corporate governance, well developed banking network, advanced operation and management, quality banking service and sound financial status".

**Well-defined development strategy:** BOCOM began strategic transformation of its management and development in 2005 in light of its sizeable achievements in shareholding system reform, in order to accommodate the rather complicated external operational environment, the increasingly rigid capital restriction and the ongoing, gradual interest rate reorientation towards the market. Strategically, BOCOM aims at developing itself into "an international, innovative, integrated, operation-intensive, highly regulated and management-advanced" first-class financial holding conglomerate.

**Perfected corporate governance:** BOCOM's equity structure has become more diversified after the establishment of fundamental system and structure for corporate governance. BoCom's corporate governance continues to be improved and well-standardized. In compliance with relevant requirements concerning public holding bank, domestic and international regulatory standards, BoCom established a highly professional and international Board of Directors, Board of Supervisors responsible to the Shareholders' Meeting, strengthened the special functions under the Board of Directors and Board of Supervisors. The senior management performs the operations and management as authorized by the Board of Directors. The Board of Directors, the senior management, and the Board of Supervisors have been proven to adequately fulfill their duties of decision-

making, operations and management, and supervision respectively. A basic system has been set up for the efficient operation and coordination of general meetings, board of directors, board of supervisors and the senior management.

**Well-positioned branch network:** BOCOM has a nationwide and internationally oriented business network, with branches and outlets in developed regions, central cities and international financial centers. The Bank has 2612 outlets in 148 major cities in mainland China. Overseas, BOCOM has set up branches in New York, Tokyo, Hong Kong, Singapore, Seoul, Macao and Frankfurt as well as a representative office in London. We have also established correspondent relations with 1117 banks in 125 countries or regions. BOCOM has a staff of 61,200 employees.

**Advanced operation and management:** BOCOM adheres to the business philosophy of "Development is the absolute principle, the bank's priority business; quality is the absolute requirement, the bank's priority obligation; and efficiency is the absolute task, the bank's priority target". BOCOM places equal emphasis on business development and risk control. We have implemented an incentive and requirement system centering on evaluation of capital performance, set up a comprehensive risk management system for furthering the rebuilding our organization structure and promoting the vertical reform of business management. BOCOM has completed China's leading data concentration project. Based on the practices of advanced international banks, BoCom devoted great efforts in building a procedural bank to optimize the business process. Major progress has been made in back-office centralization and organizational restructuring. A vertical, independent and professional management framework has been set up for the credit management and auditing lines. At the same time, in accordance with the requirement of "mutual understanding, mutual benefits, extended cooperation and common development", BOCOM has been closely working with HSBC through introducing advanced concepts, technologies and products, which brings a positive influence in the business operation and management of BOCOM.

**Quality banking services:** Capitalizing on its advantages, BOCOM has kept exploring for new developments of banking products, banking tools and banking systems, and formed a business system featuring diversified products and advanced technical means. Combining the traditional "one-to-one" service network and all-directional modern electronic service channels, BOCOM now provides diversified and comprehensive professional services in such fields as corporate banking, personal banking, international banking and fee-based business. The Bank focuses on providing high-quality service to high and medium net-worth customers through its "OTO Fortune" and "BOCOM Fortune" brand. BOCOM has developed a range of branded products well-represented by "FX Easy", "Man Jin Bao", "Ying Tong Account", "Pacific card", "Nationwide Through", "Zhan Ye Tong" and "Fund Supermarket", taking up a large market share in the industry. The dual-currency credit card developed jointly with HSBC, known as "the Global Card for the Chinese", has reached a number of cards in force totaling 3 million. In 2007, the Bank achieved substantial progress in universal banking. BOCOM Shroders Fund Management Co., Ltd has issued 5 funds in the market, managing 59.458 billion yuan of assets for 2 million customers. The Bank acquired Hubei International Trust and Investment Co., Ltd., established BOCOM Financial Leasing Company, and set up BOCOM International Holdings Limited in Hong Kong.

**Sound financial profile:** With the rise of banding and market image after its IPO in Hong Kong, BOCOM accelerated its pace in expanding business development and achieving a healthy, rapid and balanced growth of various business. With its overall strength becoming stronger, BOCOM is leading the industry in terms of financial profile. As of the end of September 2007, BOCOM's capital adequacy ratio and Tier-1 ratio stood at 14.36%和10.22% respectively. Total assets reached RMB

2,224.202 billion, 110 hmes more than that at the year of its re-establishment. Its deposit and loan balance registered at RMB 1,611.255 billion and 1,087.895 billion respectively while the after-tax profits was RMB 14.486 billion in the first 9 months of 2007. Annualized ROA and ROE recorded 0.87% and 15.40%, and its impaired loan ratio was 2.07%. According to the rating by the Bankers, BOCOM ranked No. 69 in terms of total assets and No. 68 in terms of tier-1 capital the world's top 1000 banks.

Today, BOCOM is pushing forward the strategic transformation to build itself into a first-class modern financial corporate. "Communication and Credibility" is the common wish of both BOCOM and you. BOCOM will continue to commit itself in providing better services for customers, creating more value for shareholders and making greater contributions for the community.

交通银行版权所有 未经授权禁止转载

2008 All Rights Reserved
No Dissemination or Reproduction Unless Authorized
E-mail 95559@bankcomm.com 24-Hour Hotline 95559



# Bank of Communications Co., Ltd.History

**B**eing one of the oldest commercial banks in China, Bank of Communications Co., Ltd. was founded in 1908. In its earlier years, the bank was engaged in financing of shipping, railway, tele-communications and post industries. With the lapse of time, it developed into a full-service bank and served once as one of the note issuing banks of China. During its initial development Bank of Communications Co., Ltd. studied and introduced advanced management and operational procedures of foreign commercial banks and was the first bank in China to set up overseas institution.

Bank of Communications Co., Ltd  New York Branch

# EXHIBIT L

# LAW OFFICES OF BING LI, LLC

ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE: (212) 658-9788

NEW JERSEY OFFICE
403 KING GEORGE ROAD, SUITE 201
BASKING RIDGE, NJ 07920-2812
TELEPHONE (908) 647-9300
FACSIMILE (908) 647-9301

BING LI⁺
bli@blillc.com

⁺ MEMBER NY & NJ BARS

July 16, 2008

## VIA FACSIMILE (212-755-8890)

Allen Wu, Esq.
Wu & Kao
747 Third Avenue, 22nd Floor
New York, NY 10017

> Re:   **Bank of Communications, New York Branch**
> **v. Ocean Development America Inc. and**
> **Hongming Li and Xiaoming Zhang**
> **Case No.: 07 civ. 4628 (TPG)**

Dear Mr. Wu:

Please be advised that we represent Hongming Li and Xiaoming Zhang in connection with the above-referenced action. We are presently moving pursuant to Rule 55(c) and Rule 60(b) for relief from the default judgment entered in this action on March 10, 2008. The motion will be presented by way of Order to Show Cause seeking interim stay pursuant to Rule 62(b) of all enforcement proceedings during the pendency of the motion. We are to submit the papers tomorrow and write to provide you with the required notice therefor. (A proposed Order to Show Cause is attached hereto for your reference.)

We are informed that Judge Griesa is not available until July 22, 2008. As such, the papers will be presented in Part 1 of the Court where Judge Swain is on duty until July 20, 2008. I called Judge Swain's chambers to schedule the appearance whereupon the Judge's law clerk directed me to speak to you about whether or not you are to consent to the temporary stay. If you do, then the motion will be filed as a regular motion. Otherwise, please let us know at your earliest convenience. I called your office earlier this morning and was informed that Ms. Anne Seelig is assigned to this case, who has yet to responded to my message left with her. Your courtesy in this matter is greatly appreciated.

Very truly yours,

Bing Li

Enclosure
cc:   Daniel P. Levitt, Esq. (co-counsel)
      Mr. Hongming Li
      Ms. Xiaoming Zhang

LAW OFFICES OF BING LI, LLC
Bing Li, Esq. (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
(212) 658-9788 (facsimile)
bli@blillc.com

Daniel P. Levitt, Esq. (DL 6020)
Co-Counsel
145 Griffen Avenue
Scarsdale, NY 10583
(914) 698-8193
Attorneys for Defendants Hongming Li
and Xiaoming Zhang

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

BANK OF COMMUNICATIONS,               07 civ. 4628 (TPG)
NEW YORK BRANCH,

                    Plaintiffs,

    -against-

OCEAN DEVELOPMENT AMERICA, INC.,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG,

                  Defendants

-------------------------------------------------------------x

### ORDER TO SHOW CAUSE WITH
### TEMPORARY STAY ORDER

    Upon the annexed Declaration of Xiaoming Zhang ("Zhang") made on the 15th day of

July, 2008, the Declaration of Hongming Li ("Li") made on the 15th day of July, 2008, the

Declaration of Bing Li made on the 15th day of July, 2008, together with the exhibits annexed

thereto, the Memorandum of Law in Support of the instant application dated July 16, 2008,

and on all the papers and proceedings heretofore had herein, it is hereby

**ORDERED** that plaintiff BANK OF COMMUNICATIONS, NEW YORK BRANCH,

or its attorneys show cause before the Hon. Thomas P. Griesa, U.S.D.J., in Courtroom _____

of the Untied States Courthouse located at 500 Pearl Street, New York, New York, on the

_____ day of July, 2008, at _____ a.m./p.m., or as soon thereafter as counsel can be heard,

why an Order should not be issued granting individual defendant Zhang and Li (the "Moving

Defendants") the following relief with respect to a judgment (in the form of an Order) entered

in this action on March 10, 2008 in the amount of $4,874,210.58 (the "judgment"):

1.　　Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.")

and Rule 60(b)(4) declaring the judgment void for lack of in personam jurisdiction over

Zhang and Li;

2.　　Pursuant to Rule 60(b)(4) declaring the judgment void for lack of proper

service on Zhang and Li;

3.　　Pursuant to Rule 55(c) and Rule 60(b)(1) setting aside the judgment based for

excusable default;

4.　　Pursuant to Rule 60(b)(3) setting aside the judgment based on plaintiff's

misrepresentation and concealment of material facts and other misconduct;

5.　　Pursuant to Rule 60(b)(6) setting aside the judgment to accomplish justice; and

6.　　Granting the Zhang and Li such other and further relief as the Court deems just

and proper.

SUFFICIENT CAUSE THEREFOR APPEARING, it is further

**ORDERED** that pending the hearing of the Moving Defendants' motion, all

proceedings for the enforcement of the Judgment on the part of the plaintiff, its agent or

attorney and any Sheriff or Marshal be and hereby are stayed; and it is further

- 2 -

**ORDERED** that service of a copy of this Order and the papers upon which it is granted by personal delivery upon WU & KAO, Attorneys of record for plaintiff, at its office address located at 747 Third Avenue, 22nd Floor, New York, New York 10017, on or before July ___, 2008, shall be deemed good and sufficient service; and it is further

**ORDERED** that plaintiff shall serve its answering papers, if any, upon the attorneys for Zhang and Li by delivering copies thereof to their office on or before _____, 2008 and any reply thereto shall be served on or before _____, 2008.

Dated: New York, New York
     July _____, 2008
     Issued at _____ a.m./p.m.

                                      **HON. THOMAS P. GRIESA, U.S.D.J.**

# LAW OFFICES OF BING LI, LLC
ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE: (212) 658-9788

NEW JERSEY OFFICE
403 KING GEORGE ROAD, SUITE 201
BASKING RIDGE, NJ 07920-2812
TELEPHONE: (908) 647-9300
FACSIMILE: (908) 647-9301

## FACSIMILE COVER SHEET

| TO | FIRM | FAX NO. |
|---|---|---|
| Allen Wu, Esq. | Wu & Kao | (212) 755-8890 |
| Anne Seelig, Esq. | Wu & Kao | (212) 755-8890 |
| Daniel P. Levitt, Esq. | | |
| Mr. Hongming Li | | |
| Ms. Xiaoming Zhang | | |

| FROM | RE | DATE |
|---|---|---|
| Bing Li, Esq. | Bank of Communications, NY Branch v. | 07/16/2008 |
| | Ocean Development America, Inc. et al. | |
| | Case No.: 07 civ. 4628 (TPG) | |

NUMBER OF PAGES _5_ (INCLUDING COVER SHEET)

MESSAGE:

Letter of Bing Li dated July 16, 2008 to Mr. Allen Wu.

PLEASE NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED TO RECEIVE SUCH INFORMATION. IF THE RECIPIENT IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

# Message Confirmation Report

JUL-16-2008 11:16 AM WED

WorkCentre M20 Series
Machine ID        :  BLLLC
Serial Number     :  ryu273090.......
Fax Number        :  212 658 9788

| | | |
|---|---|---|
| Name/Number | : | 912127558890 |
| Page | : | 5 |
| Start Time | : | JUL-16-2008 11:16AM WED |
| Elapsed Time | : | 00'44" |
| Mode | : | STD ECM |
| Results | : | O.K |

## LAW OFFICES OF BING LI, LLC
ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE: (212) 658-9788

NEW JERSEY OFFICE
403 KING GEORGE ROAD, SUITE 301
BASKING RIDGE, NJ 07920-2812
TELEPHONE (908) 647-9300
FACSIMILE' (908) 647-9301

### FACSIMILE COVER SHEET

| TO | FIRM | FAX NO. |
|---|---|---|
| Allen Wu, Esq. | Wu & Kao | (212) 755-8890 |
| Anne Seelig, Esq. | Wu & Kao | (212) 755-8890 |
| Daniel P Levitt, Esq. | | |
| Mr. Hongming Li | | |
| Ms Xiaoming Zhang | | |

| FROM | RE | DATE |
|---|---|---|
| Bing Li, Esq. | Bank of Communications, NY Branch v. Ocean Development America, Inc et al. Case No · 07 civ 4628 (TPG) | 07/16/2008 |

NUMBER OF PAGES  5  (INCLUDING COVER SHEET)

MESSAGE

Letter of Bing Li dated July 16, 2008 to Mr Allen Wu.

PLEASE NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED TO RECEIVE SUCH INFORMATION  IF THE RECIPIENT IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION  DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED

# EXHIBIT M

# LAW OFFICES OF BING LI, LLC

ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE: (212) 658-9788

NEW JERSEY OFFICE
403 KING GEORGE ROAD, SUITE 201
BASKING RIDGE, NJ 07920-2812
TELEPHONE (908) 647-9300
FACSIMILE (908) 647-9301

BING LI¹
bli@blillc.com

† MEMBER NY & NJ BARS

July 16, 2008

## VIA FACSIMILE (212-755-8890)

Allen Wu, Esq.
Wu & Kao
747 Third Avenue, 22nd Floor
New York, NY 10017

> **Re:    Bank of Communications, New York Branch**
> **v. Ocean Development America Inc. and**
> **Hongming Li and Xiaoming Zhang**
> **Case No.: 07 civ. 4628 (TPG)**

Dear Mr. Wu:

This will confirm that Nancy of your office informed us at about 4:00 p.m. this afternoon that you declined to consent to a temporary stay pending the determination of the motion to vacate default judgment and that I spoke to Nancy at about 5:35 p.m., who, at my request, confirmed with you as to your decision not to consent thereto. I thereupon informed Nancy that we would be appearing tomorrow, **July 17, 2008, at 3:00 p.m.**, before Judge Swain, meeting in Courtroom 17C, before we proceed to submit our application for the temporary stay. If you have any questions, you may contact us at your convenience.

Very truly yours,

Bing Li

cc:    Daniel P. Levitt, Esq. (co-counsel)
       Mr. Hongming Li
       Ms. Xiaoming Zhang

# LAW OFFICES OF BING LI, LLC

ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE: (212) 658-9788

NEW JERSEY OFFICE
403 KING GEORGE ROAD, SUITE 201
BASKING RIDGE, NJ 07920-2812
TELEPHONE: (908) 647-9300
FACSIMILE: (908) 647-9301

## FACSIMILE COVER SHEET

| TO | FIRM | FAX NO. |
|---|---|---|
| Allen Wu, Esq. | Wu & Kao | (212) 755-8890 |
| Anne Seelig, Esq. | Wu & Kao | (212) 755-8890 |
| Daniel P. Levitt, Esq. | | |
| Mr. Hongming Li | | |
| Ms. Xiaoming Zhang | | |

| FROM | RE | DATE |
|---|---|---|
| Bing Li, Esq. | Bank of Communications, NY Branch v. Ocean Development America, Inc. et al. Case No.: 07 civ. 4628 (TPG) | 07/16/2008 |

NUMBER OF PAGES _2_ (INCLUDING COVER SHEET)

MESSAGE:

Letter of Bing Li dated July 16, 2008 to Mr. Allen Wu.

PLEASE NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED TO RECEIVE SUCH INFORMATION. IF THE RECIPIENT IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

# Message Confirmation Report

## JUL-16-2008 08:29 PM WED

```
WorkCentre M20 Series
Machine ID       :  BLLLC
Serial Number    :  ryu273090.......
Fax Number       :  212 658 9788
```

| | | |
|---|---|---|
| Name/Number | : | 912127558890 |
| Page | : | 2 |
| Start Time | : | JUL-16-2008 08:29PM WED |
| Elapsed Time | : | 00'20" |
| Mode | : | STD ECM |
| Results | : | O.K |

## LAW OFFICES OF BING LI, LLC
ATTORNEYS AT LAW

1350 BROADWAY, SUITE 1001
NEW YORK, NY 10018-0947
TELEPHONE: (212) 967-7690
FACSIMILE: (212) 658-9788

NEW JERSEY OFFICE
403 KING GEORGE ROAD, SUITE 201
BASKING RIDGE, NJ 07920-2812
TELEPHONE: (908) 647-9300
FACSIMILE (908) 647-9301

### FACSIMILE COVER SHEET

| TO | FIRM | FAX NO. |
|---|---|---|
| Allen Wu, Esq. | Wu & Kao | (212) 755-8890 |
| Anne Seelig, Esq. | Wu & Kao | (212) 755-8890 |
| Daniel P. Levitt, Esq. | | |
| Mr. Hongming Li | | |
| Ms. Xiaoming Zhang | | |

| FROM | RE | DATE |
|---|---|---|
| Bing Li, Esq. | Bank of Communications, NY Branch v. Ocean Development America, Inc. et al. Case No.: 07 civ. 4628 (TPG) | 07/16/2008 |

NUMBER OF PAGES _2_ (INCLUDING COVER SHEET)

MESSAGE:

Letter of Bing Li dated July 16, 2008 to Mr Allen Wu.

PLEASE NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED TO RECEIVE SUCH INFORMATION. IF THE RECIPIENT IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED