UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BANK OF COMMUNICATIONS,
NEW YORK BRANCH,                                    Case No. 07 CV 4628

                      Plaintiff,    **AFFIRMATION IN**
                                     **OPPOSITION**

- against -

OCEAN DEVELOPMENT AMERICA, INC.,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG

                      Defendants.
------------------------------------------------------------------X

    I, Anne Seelig, being duly sworn, affirm and say:

    1.    I am an associate of the law firm of Wu & Kao, attorneys for plaintiff, Bank of Communications, New York Branch ("BOC"), and as such, I am fully familiar with the matters set forth herein. I submit this affirmation in opposition to the Defendants' Order to Show Cause seeking an Order vacating the Default Judgment granted by Honorable Judge Griesa on March 10, 2008.

    2.    As set forth in the Complaint, this is a federal court action, for recovery of money loaned and restitution by Plaintiff, BOC, illegal transfer of judgment debtor's assets, fraud and deceit, conversion and unjust enrichment and enforcement of and earlier New York State Supreme Court judgment obtained in the matter entitled <u>Bank of Communications, New York Branch v. Ocean Development America, Inc.</u> Index No. 603101/2003, which judgment was filed and entered on August 14, 2006 against Ocean Development America, Inc., in the amount of $4,874,210.58 (the "NYS Supreme Court Judgment") (Exhibit A).

    3.    A motion to vacate a default judgment should only be granted if the defendant establishes that "exceptional circumstances" exist for vacating the default judgment. <u>Mendell v. Gollust</u> 909 F.2d 724, 731 (2d Cir. 1990)., <u>Artmatic USA Cosmetics v. Maybelline Co.</u>, 906 F.Supp

850 (E.D.N.Y. 1995), <u>Velez v. Vassallo</u>, 203 F. Supp2d. 312 (S.D.N.Y. March 26, 2002).

4. Defendants wilfully chose to ignore this lawsuit until the point in time when they could ignore it no more - when Plaintiff Certified its Judgment and docketed same for enforcement in Defendants' home state of California. This litigation has been underway for over one (1) year, and both Plaintiff and the Court have spent substantial time and effort to the adjudication of this case. Defendants have no excusable default nor meritorious defense and thus, their motion must be denied.

## PROCEDURAL HISTORY

### Service of the Summons and Complaint

| Defendant | Service Address | Date | Proof |
|---|---|---|---|
| Ocean Development America Inc. | Philip K. Yeung 240 S. Garfiled Ave. Monterey Park, CA (Registered Agent listed in the California Dept. of State Record at the time of service) | 6/26/07 | Exhibit B |
| Hongming Li a/k/a Michael Li | 13453A Brooks Drive Baldwin Park, CA 91706 | 6/21/07 | Exhibit C |
| Xiaoming Zhang | 13453A Brooks Drive Baldwin Park, CA 91706 | 6/21/07 | Exhibit D |

5. Defendants were served with the Summons and Complaint, and later, with the Motion for Default Judgment. Plaintiff's Motion for Default Judgment details the service and the case history of Defendants involvement and actual notice of the lawsuit.

6. The Motion for Default Judgment was served on the Defendants (see Exhibit E, Affidavit of Service) as follows:

| Defendant | Service Address | Date | Proof |
|---|---|---|---|
| Ocean Development America Inc. | 13453A Brooks Drive Baldwin Park, CA 91706 | 10/15/07 | Exhibit E |
| | c/o Charles Yu 3108 Willard Avenue Rosemead, California (New Registered Agent listed in the California Dept. of State Record at the time of service) | 10/15/07 | Exhibit E |
| Hongming Li a/k/a Michael Li | 13453A Brooks Drive Baldwin Park, CA 91706 | 10/15/07 | Exhibit E |
| Xiaoming Zhang | 13453A Brooks Drive Baldwin Park, CA 91706 | 10/15/07 | Exhibit E |

Defendants do not dispute that the service address, 13453 A Brooks Drive, Baldwin Park, California (Ocean Development's Premises address which Defendants Li and Zhang fraudulently transferred to themselves as individuals) was their address and that they owned the Premises at the time of service. Further, pursuant to the Credit Agreement dated May 1, 2001 (the "Credit Agreement") (Exhibit F), Section 8.6, the proper address for notice and service is the 13453 A Brooks Drive, Baldwin Park, California address.

7. Even assuming arguendo that there were any errors in any of the services or affidavits of service, it is well settled law that when a defendant receives actual notice of a lawsuit brought against him, any technical imperfections with service will rarely invalidate the service.

**Defendants' Actual Notice**

8. Defendants acknowledge and admit they had actual notice of the pending action against them. It is well settled law that lack of personal jurisdiction is a privileged defense that can be waived by by formal submission in a cause, or by submission through conduct <u>Sportschuhfabriken</u>

Dai Daller Stiftung & Co., K.G. v Cheung, 1990 WL 480063 (S.D.N.Y.). Here, the Defendants have waived the defense of improper service by failing to avail themselves of opportunities to contest the sufficiency of service of process while the action was pending, by writing to the Court four (4) times.

9. Contrary to Defendant Xiaoming Zhang's Affidavit stating Defendants wrote to the Court "twice", Defendants actually sent "four" letters to the Court dated July 1, 2007, July 13, 2007, July 16, 2007 and August 1, 2007 (A copy of all letters and attachments sent by Defendants directly to the Court (which the Court forwarded to our firm for response), along with the Court's fax cover sheet is attached as Exhibit G.). On August 13, 2007, the Court informed directed the undersigned to respond directly to Defendants to the address Plaintiffs provided (216 Linwood Avenue #3) which Wu & Kao did (see August 14, 2007 letter, Exhibit H).

10. On or about October 9, 2007 the Court instructed Wu & Kao to file Plaintiff's Motion for Default Judgment as the Court had received no further response from Defendants, which Plaintiff did on October 15, 2007.

11. In or about the last week of December 2007, the Court again contacted Wu & Kao inform us that Defendants had once again written to the Court directly (again did not send any copy of their letter to Wu & Kao). The Court informed us that due to Defendants' letters, and as Defendants were aware of and attempted to participate in the lawsuit, Judge Griesa would like to hold an initial teleconference rather than just enter the Default Judgment. The Court instructed us to contact Defendants at the phone number Defendants provided to the Court (626-303-8650) to schedule a teleconference date and time.

12. Wu & Kao made over ten (10) phonecalls to Defendants in December 2007 and January 2008 to set up the teleconference. See Wu & Kao letters to Judge Griesa dated January 8, 2008 (Exhibit I) and January 28, 2008 (Exhibit J) detailing its efforts.

13. On or about February 22, 2008 the Court informed Wu & Kao that the Court also had made several calls to set up the teleconference, but also to no avail.

14. On or about February 29, 2008 Judge Griesa instructed us to resubmit the Motion for Default Judgment, along with a cover letter regarding the case history (See Exhibit K). Thereafter, on March 10, 2008 Judge Grisea signed the Order dated March 10, 2008 granting Plaintiff a Default Judgment, which was entered by the Clerk on the same day.

### I. Defendants' Default was Wilful

15. After their receipt of the Summons and Complaint, Defendants wrote directly to the Court four (4) times, which the first letter was written immediately after service of the Summons and Complaint.

16. Despite being served with the Summons and Complaint, correspondence from Wu & Kao, the Motion for Default Judgment, and the Judgment, plus several calls from Wu & Kao and the Court, Defendants are now attempting to avoid enforcement of said Judgment by raising issues as to service. In Broadcast Music Inc, the Court noted:

> "The Federal Rules do not suggest that a defendant may halfway appear in a case, giving plaintiff and the Court the impression that he has been served, and at the appropriate time, pull failure of service out of a hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead plaintiffs to waste time, money and judicial resources pursuing a cause of action". Broadcast Music Inc. v. M.T.S. Enterprises, 811 F.2d 278, 282 (5th Cir 1987).

17. Defendants have chosen to remain silent until recently, when they received our letter dated June 11, 2008 informing Defendants that Plaintiff was in the process of registering the Judgment in California. The Judgment against Defendants was Certified on June 16, 2008 and filed in California on June 26, 2008 under case number 08-mc-00187 (See Exhibit L)

18.     Curiously, although Defendants argue that they provided their 'residence' address in letters to the Court (i.e. 216 Linwood Avenue, #3, Monrovia, California 91016), certain Certified mailings made by Wu & Kao to that address were returned and marked "Unclaimed" although mail sent regular, first class mail, was received and never returned. (See Exhibit M, copies of two mailings marked "Unclaimed"). Clearly, Defendants have attempted to avoid receipt of papers in this action by <u>refusing</u> to claim Certified mailings sent by Wu & Kao to the address they provided the Court.

19.     Since the commencement of this lawsuit one year ago, Defendants have been aware and had actual knowledge of same, as evidenced by their letters to the Court in response to service and receipt of the Court papers. Further, Defendants in the past used the same tactic of avoidance and default in the NYS Supreme Court Action (wherein Defendants had retained a New York attorney (James C. Jong, Esq.), and then thereafter proceeded pro se with no further response to plaintiff or the Court, resulting in their default in the underlying action.)

20.     The delay in this matter was caused due to Defendants sending four (4) letters to the Court, but failing and refusing to formally participate in the proceeding. The Court in its discretion allowed Defendants more than ample time and opportunity to defend and participate in the action, but ultimately, they chose not to do so. Defendants do not dispute their actual notice of this lawsuit and should be estopped from arguing form over substance.

21.     It is well settled law that when a defendant is aware of a lawsuit, but fails to respond to it, the defendant's default is "wilful". A default judgment should <u>not</u> be set aside when there is a showing that the defendant was aware of the suit. <u>United Overseas Bank v. Marchand</u>, No. 87-8572, 1996 WL 695902 (wilfullness is preeminent, and a wilful default will not normally be set aside), (S.D.N.Y. December 4, 1996); <u>Artmatic USA Cosmetics</u>, 906 F. Supp at 854-56 (when a

defendant knew about the complaint and failed to respond to it the default is wilful); Velez v. Vasallo, 203 F.Supp 2d 312 (S.D.N.Y. March 2002) (holding that defendants were not entitled to relief when, even though defendants were fully aware of the pendency of the action well before judgment was entered, Defendants sat on their hands as plaintiffs and the Court invested substantial time and effort).

22. Both Plainiff and the Court spent substantial time and efforts on this case from its commencement to the entry of Default Judgment.

23. Defendants are correct in their citation of the law in S.E.C. v. McNulty, that the Court of Appeals has held that "...wilfulness, in the context of a default, requires conduct that is more than merely negligent or careless..." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Here, Defendants conduct far exceeds the 'negligence' or 'careless' realm - it was deliberate, wilful, and designed to waste the time of both the Court and the Plaintiff.

24. Simply put, Defendants had actual notice of this action and deliberately tried to avoid participating in same. During the course of this lawsuit, we have sent over ten (10) separate mailings to Defendants, at both their Premises, their Registered Agent's address, and their provided 'residence' address. To allege they did not receive any of the aforementioned other than Wu & Kao's letter dated June 11, 2008 is laughable. "...Where the Court finds wilfulness, the Court need not review the issues of the existence of a meritorious defense and prejudice to the plaintiff..." Sportschuhfabriken Dai Daller Stiftung & Co., K.G. v Cheung, 1990 WL 480063 (S.D.N.Y.).

## II. Defendants' Cannot Demonstrate A Meritorious Defense

### A. In Personam Jurisdiction

25. Defendants fail to state any meritorious defenses. In fact, Defendants admit

that they did in fact (i) sign the Credit Agreement with BOC (see Affidavit of Xiaoming Zhang, paragraph 9), and (ii) that they transferred the Ocean Development Premises to themselves individually.

26. Defendants spend several pages in their Order to Show Cause and supporting documents arguing that there is no in personam jurisdiction over the Defendants as Defendants live in California. However, the personal jurisdiction question is moot as Defendants have already consented and agreed to the personal jurisdiction of New York under the Credit Agreement dated May 1, 2001. Pursuant to Section 8.11 of the Credit Agreement, Defendants agreed that the Credit Agreement and Note shall be deemed contracts made under the laws of the State of New York and shall be governed by and construed in accordance with the laws of the State of New York. By executing these documents, Defendants have consented to the personal jurisdiction of the Courts of the State of New York to resolve disputes arising out of said documents (See Section 8.11 of the Credit Agreement, Exhibit F)

**B. Fraudulent Transfer**

27. Defendants argue that they did not fraudulently transfer the Premises by alleging that they purchased same from Ocean Development for 'fair market value'. However, even assuming arguendo that the Premises was purchased for fair market value (which it was not), it was still a fraudulent transfer.

28. Under New York law, one must show either that the transfer was made without fair consideration OR (i) that the property was transferred to with the actual intent to hinder, delay or defraud its creditors, and (ii) transferee had knowledge of the fraud at the time of the purchase. Petersen v. Vallenzano, 849 F.Supp 228 (S.D.N.Y. 1994) Here, both Ocean Development (the "Seller") and Hongming Li and Xiaoming Zhang (the "Buyers") were fully aware of the pending

NYS Supreme Court Action, and the debt owed to BOC resulting in the NYS Supreme Court Judgment. The property was transferred with the intent to hinder, delay or defraud BOC and Li and Zhang had the requisite knowledge at the time of the purchase, thus rendering it a fraudulent transfer.

29. Despite detailing the property transfer and attaching certain documents to her Affidavit, Xiaoming Zhang fails to disclose why she and her husband decided to "purchase" the company's commercial Premises, or why Ocean Development decided to "sell" the Premises to them. She omits whose decision it was to sell and who decided the price.

30. The "Commercial Property Purchase Agreement and Joint Escrow Instructions" (the "Purchase Agreement") (Exhibit D to the Affidavit of Xiaoming Zhang) was signed by Xiaoming Zhang herself on behalf of Ocean Development as the Seller, and by Hongming Li (her husband) as the Buyer. The evidence of unclean hands and bad faith are rampant. It is clear from the aforementioned that the sale of the Premises was fraudulent and that the Buyer, "Hongming Li"[1] was not a bona fide purchaser.

31. Further, the representation of non-litigation in paragraph 6 of the alleged Purchase Agreement entitled "Seller's Disclosures", section B(9) stating that the following must be disclosed if known to Seller "...any current pending lawsuits, investigations, inquiries, actions, or other proceedings affecting the property..." Seller, Ocean Development was fully aware of the New York Supreme Court action at the time of the property transfer and did not disclose to the escrow company, title company or other involved parties to the transaction.

32. New York Courts have applied New York Debtor and Creditor Law section 273-a to conveyances which occurred before, during and after a Judgment has been entered. See e.g.

---

[1] The Purchase Agreement is signed by Hongming Li as the "Buyer", however, the Premises was purchased by Hongming Li and Xioaming Zhang as Joint Tenants. Xiaoming Zhang was really both the Seller and the Buyer in this transaction.

Community Nat'l Bank and Trust Co., v. Statile, 94 A.D.2d 754, 462 N.Y.S. 2d 693 (SupCt 1983) (holding that a conveyance by a guarantor's wife of a property to her sister prior to initiation of litigation on guarantor's indebtedness amounted to a fraudulent conveyance.), Farm Stores, Inc. v. School Feeding Corp., 103 A.D.2d 249, 477, N.Y.S.2d 374, 64 N.Y.S. 1065, 489 N.Y.S.2d. 877, 479 N.E.2d 222 (1985) (finding fraudulent conveyance when a corporation transferred money to shareholders at time that an action for money damages was pending against it and the ensuing judgment was never satisfied).

33. It is well settled law that a corporate officer who participates in the commission of a tort, such as fraud, may be held individually liable regardless of whether or not he acted in the course of his official duties and regardless of whether or not the corporate veil is pierced. See Espinoza v. Rand, 24 AD3d 102, 102 (1st Dept. 2005); American Express Travel Related Servs. Co. v. North Atl. Resources, 261 AD2d 310, 311 (1st Dept. 1999).

34. Defendants Li and Zhang intentionally transferred the corporate assets from Ocean Development to themselves as individuals to avoid repayment to BOC and liability of the NYS Supreme Court Judgment.

35. Li and Zhang committed fraud in effectuating the fraudulent transfer of the Premises. By misrepresenting certain materially existing facts that were false, with scienter, and deception, Li and Zhang caused injury to Plaintiff.

36. Hongming Li and Xioaming Zhang were not "bona fide purchasers" with respect to the property transfer. The property transfer was made without fair and adequate consideration and was not a bona fide transaction.

37. Under New York Law, purchasers of property from a fraudulent grantee must show they did not have any actual notice of the fraud to be considered "bona fide purchasers" U.S. v.

Orozco-Prada, 636 F.Supp 1537 (S.D.N.Y. 1986).

38. Defendant Zhang's extensive explanation entitled "Plaintiff's Dealings with Ocean", paragraphs 27 - 47 of her Affidavit, does not provide any meritorious defenses to the subject action. Defendant Zhang does not dispute that she herself signed the Credit Agreement with BOC. In reality, and as detailed in the Complaint, both Li and Zhang are officers of Ocean Development. Zhang is the President of Ocean Development and signed the Note and Credit Agreement. Li and Zhang were the sole U.S. Legal Representatives for Ocean Development, who, upon information, used the company, to apply for their own green cards, took the company assets, defaulted on the BOC loan and received all of the benefits of the loan for their own personal gain.

39. Based upon the foregoing, as Defendants cannot demonstrate that their default was not wilful or that they have a meritorious defense, Defendants' Order to Show Cause must be denied.

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an order denying Defendants' Order to Show Cause, and for such other relief as the Court deems just and proper.

Dated: July 28, 2008
New York, New York

Anne Seelig (AS-3976)
Wu & Kao
Attorneys for Plaintiff
747 Third Avenue, 22nd Floor
New York, New York 10017
(212) 755-8880