UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BANK OF COMMUNICATIONS,　　　　　　　07 civ. 4628 (TPG)
NEW YORK BRANCH,
　　　　　　　　　　Plaintiffs,

　　-against-

OCEAN DEVELOPMENT AMERICA, INC.,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG,

　　　　　　　　　　Defendants
------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS
HONGMING LI AND XIAOMING ZHANG
IN REPLY TO PLAINTIFF'S OPPOSITION TO AND
IN FURTHER SUPPORT OF THEIR MOTION FOR
RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)**

　　　　　　　　　　　　　　　　LAW OFFICES OF BING LI, LLC
　　　　　　　　　　　　　　　　1350 Broadway, Suite 1001
　　　　　　　　　　　　　　　　New York, NY 10018-0947
　　　　　　　　　　　　　　　　(212) 967-7690
　　　　　　　　　　　　　　　　(212) 658-9788 (facsimile)

　　　　　　　　　　　　　　　　Daniel P. Levitt, Esq. (DL 6020)
　　　　　　　　　　　　　　　　145 Griffen Avenue
　　　　　　　　　　　　　　　　Scarsdale, NY 10583
　　　　　　　　　　　　　　　　(914) 698-8193

　　　　　　　　　　　　　　　　Attorneys for Defendants Hongming Li
　　　　　　　　　　　　　　　　and Xiaoming Zhang

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    Point I
    The Judgment Is Void For Lack Of In Personam Jurisdiction. ............................ 2

    Point II
    The Judgment Is Void For Insufficient Service Of Summons
    And Complaint. ................................................................................................... 3

    Point III
    The Default Was Not Willful And There Is A Meritorious Defense. .................. 5

    Point IV
    Plaintiff' Had Made Misrepresentation Of Facts And Concealed
    Information From The Court. ............................................................................... 8

CONCLUSION ................................................................................................................... 9

**PRELIMINARY STATEMENT**

Defendants, Hongming Li and Xiaoming Zhang (the "moving defendants"), husband and wife, through their undersigned attorneys, respectfully submit this Memorandum of Law in reply to plaintiff's opposition to and in further support of their motion for an order pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Rule 60(b) for relief from the judgment entered in this action on March 10, 2008 and for such other and further relief as the Court may deem just and proper.

The moving defendants argue in their opening brief that the judgment is void pursuant to Rule 60(b)(4) for lack of in personam jurisdiction; the judgment is void pursuant to Rule 60(b)(4) for lack of proper service of the summons and complaint; the Court should set aside the judgment pursuant Rule 60(b)(1) because the default is not willful and the moving defendants have a meritorious defense; the Court should set aside the judgment pursuant to Rule 60(b)(3) based on plaintiff's misrepresentation and concealment of material facts from the Court; the Court should set aside the judgment pursuant to Rule 60(b)(6) because there exists other reasons justifying relief from the judgment.

In opposition, plaintiff submits an Affirmation of Anne Seelig dated July 28, 2008 ("Seelig Aff.") and relies solely thereon in support of its opposition.  As more fully appears hereinafter, the opposition is bereft of any substance to warrant a denial of the motion and replete with misstatement and misapplication of the law and more misrepresentation of material fact.

**ARGUMENT**

**POINT I**

**THE JUDGMENT IS VOID FOR LACK OF IN PERSONAM JURISDICTION.**

The moving defendants argue in their opening brief that they are not subject to New York long arm jurisdiction under CPLR 302(a)(1) through (4) and plaintiff's complaint or default judgment motion failed to make a prima facie showing otherwise. They submit that the only times they ever set foot in New York were in 1994 on a 2-3 day tour and in 2000 on a 3-4 day tour as tourist. They have never conducted business in their individual capacities anywhere in New York; never transacted any business within New York; never solicited business in any form in New York; never made any contract anywhere "to supply goods or services" in New York; and never "own[ed], use[d] or possess[ed] any real property situated within the state." Memorandum of Law of Defendants Hongming Li and Xiaoming Zhang in Support of Motion for Relief from Judgment Pursuant to Rule 60(b) ("Def. Mem."), at 12.

Plaintiff does not dispute any of these facts and fails to offer any proof to show otherwise. Nor does plaintiff argue that the Court did, indeed, have in personam jurisdiction. Instead, plaintiff contends that the in personam jurisdiction issue "is moot as Defendants have already consented and agreed to the personal jurisdiction of New York under the Credit Agreement dated May 1, 2001," referring to Section 8.11 of the Credit Agreement. Seelig Aff., ¶ 26. However, the **individual** moving defendants are **not** parties to the Credit Agreement and the referenced consent to personal jurisdiction applies only to **corporate** defendant Ocean. In fact, plaintiff has stated in its complaint that it was Ocean Development Inc., not the **individual** defendants, that executed the Credit Agreement (Compl. ¶ 7, Ex. A

- 2 -

attached thereto).  Accordingly, as the undisputed facts support the finding of the Court's lack of in personam jurisdiction over the moving defendants, the judgment is void.

## POINT II

### THE JUDGMENT IS VOID FOR INSUFFICIENT SERVICE OF SUMMONS AND COMPLAINT.

The moving defendants demonstrate to the Court in their opening Memorandum of Law that plaintiff's service of summons and complaint was defective as a matter of both New York and California law.  Def. Mem., at 13-19.

In opposition, plaintiff fails to justify the noncompliance with both the New York and California service statutes.  Seelig Aff., ¶ 5.  Instead, plaintiff persists in arguing that "Defendants were served with the Summons and Complaint" and refers the Court to the only evidence filed in this action, Docket No. 3 (B. Li Decl., Ex. D).  Initially, plaintiff conveniently fails to explain the whereabouts of Exhibit E attached to Attorney Wu's Affirmation in support of motion for default judgment.  Plaintiff now concedes that the only proof of service on Li is Exhibit C and on Zhang Exhibit D attached to the Seelig Affirmation (chart inserted between paragraphs 4 and 5).  Exhibit C and Exhibit D are **identical** copies, which is pages 3 and 4 of the composite document filed as Docket No. 3.  Nowhere in this affidavit of service does it indicate that service was made on either Li or Zhang or that "Phil Li - C.E.O." was authorized to accept service for Li or Zhang.  More significantly, the California process server failed to make any attempts at personal service on Li or Zhang **before** resorting to substituted service as expressly required by California statute (CCP § 416.90) and New York statute (CPLR 308(4)).

Plaintiff argues that "[e]ven assuming arguendo that there were errors in any of the services or affidavits of service, it is well settled law that when a defendant receives actual

- 3 -

notice of lawsuit brought against him, any technical imperfections with service will rarely invalidate the service." Seelig Aff., ¶ 7. This is spurious.

The controlling authority is that actual knowledge of a pending lawsuit is insufficient to cure plaintiff's failure to properly effect service. Dorrough v. Harbor Securities, LLC, 99 CV 7589 (ILG), 2002 WL 1467745 (E.D.N.Y. May 10, 2002) (Glasser, J.). See also 1 James Wm. Moore et al., Moore's Federal Practice § 4.03[1] (3d ed. 2000) ("Service that complies with Rule 4 ... may establish personal jurisdiction; **actual notice without compliance with the Rule does not.**") (emphasis added).

Nor does the only case relied on by plaintiff support its position. In Adidas Sportschuhfabriken Adi Dassler Stiftung & Co. v. Cheung, 87 Civ. 8989 (JFK), 1990 WL 48063 (S.D.N.Y. Apr. 10, 1990), the court denied a motion on the ground of improper service to dismiss a default judgment entered against one group of defendants in a trademark infringement action--corporate defendant WTC and two individuals S. Wong and T. Wong--where S. Wong was **personally served** with the court's temporary restraining order and seizure orders, appeared for a deposition individually and on behalf of WTC, conducted settlement negotiations on behalf of all three defendants, **in addition to** that these defendants all had actual notice of the suit. Judge Keenan stated that lack of personal jurisdiction based on improper service could be waived "by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct." Id., 1990 WL 48063, at *5.

Here, the moving defendants "seasonably" asserted the defense in their letters sent to the Court, did not make any "formal submission" in the action and did not attend any depositions either on behalf of themselves personally or Ocean. The holding of Cheung is

- 4 -

entirely inapplicable. Accordingly, as the uncontroverted facts support the finding of insufficient service of the summons and complaint was defective, the judgment is void.

## POINT III

### THE DEFAULT WAS NOT WILLFUL AND THERE IS A MERITORIOUS DEFENSE.

The moving defendants argue in their opening Memorandum of Law that their "seasonably" contacting the Court by letters raising genuine jurisdictional issues demonstrated their "intent to fulfill [their] obligations as a litigant" and therefore their default was not willful. Def. Mem., at 20-21. The moving defendants further raised affirmative defenses available to the underlying action such as (i) the moving defendants are not and should not be held responsible for the **full** judgment against Ocean of $4,874,210.58 and an injunction should not apply beyond the Property that was alleged fraudulently transferred; (ii) plaintiff was not entitled to a money judgment under New York law where, as here, the alleged transferred Property is still in the moving defendants'-transferees' possession; (iii) the alleged transfer of the Property was not "without consideration" and there was an antecedent debt (existing mortgage) that was superior to plaintiff's judgment; (iv) a proceeding to challenge such a transfer is required to be commenced in the county where the real property is located; and (v) even assuming such an action may be brought in New York, a California forum would still have been the more convenient forum.

Plaintiff fails to respond to any of these points but nonetheless argues that "when a defendant is aware of a lawsuit, but fails to respond to it, the defendant's default is 'willful." Seelig Aff., ¶ 21. Plaintiff further states that "[a] default judgment should not be set aside when there is a showing that the defendant was aware of the suit." Id., citing United Overseas

Bank v. Marchand, 87 Civ. 8572 (RJW), 1996 WL 695902 (S.D.N.Y. Dec. 4, 1996) (emphasis original). However, this is not the holding of Marchand.

In fact, the default involved in Marchand was not defendant's failure to respond to plaintiff's summons and complaint, but failure to oppose plaintiff's summary judgment and failure to appear at the hearing despite the court's specific order to do so. The Marchand court held: "Because Marchand, claiming financial difficulties, deliberately chose not to oppose the motion for summary judgment and disregarded the Court's direction that he appear at the hearing on that motion, the Court finds that his default was willful." Id. 1996 WL 695902, at 4.

Similarly, the holding in Artmatic USA Cosmetics v. Maybelline Co., 906 F.Supp. 850 (S.D.N.Y. 1995) is contrary to what plaintiff's restatement that "when a defendant knew about the complaint and failed to respond to it the default is willful." Seelig Aff., ¶ 21. The default involved in Maybelline did not result from defendant's failure to respond to the complaint, as plaintiff now suggests, but plaintiff's failure to respond to defendants' counterclaim. There, the court denied plaintiff cosmetic manufacturer's motion to vacate a default judgment on defendants competitors' counterclaim because plaintiff failed to present a valid excuse for the default. Id, 906 F.Supp. at 854.

Similarly, plaintiff misstates the holding of Velez v. Vassallo, 203 F.Supp.2d 312 (S.D.N.Y. 2002). The relief sought by the moving defendant in Velez was based on the saving clause of Rule 60(b)(6), which, unlike Rule 60(b)(1), does not require a showing of lack of willfulness, but one of "extraordinary circumstances." Quevedo v. Postmaster, U.S. Postal Service, 774 F.Supp. 837 (S.D.N.Y. 1991). The Court in Velez refused to grant equitable relief to defendant because "Defendants' lamentable conduct throughout the litigation completely undermines their appeal to equity" (Velez, 203 F.Supp.2d at 334),

finding that the defendant there waited almost one year and a half before making the motion even though the defendant was fully aware of the of the litigation and that the defendant offered no explanation for the delay.

Plaintiff contends that even assuming the Property was purchased for fair market value, such a transfer was still fraudulent. Seelig Aff., ¶ 27. The position is not supported by the facts and plaintiff fails to apply the pertinent sections of the NY Debtor and Creditor Law. The salient facts are that the moving individuals purchased the Property for actual market value; they were not plaintiff's judgment debtors at the time of the transfer; they were not in control of Ocean; and they purchased the Property because Ocean was winding up its business and paying off its antecedent existing mortgage.

Relying on Petersen v. Vallenzano, 849 F.Supp. 228 (S.D.N.Y. 1994), plaintiff argues that a transfer with fair market value was nonetheless fraudulent if "(i) [] the property was transferred to with the actual intent to hinder, delay or defraud its creditors, and (ii) transferee had knowledge of the fraud at the time of the purchase." Seelig Aff., ¶ 28. This is not the holding of Petersen, where the court found the conveyance in question to be fraudulent based on Section 273-a of the NY Debtor and Creditor Law, which does not apply to the moving defendants here because the transfer in question was not without fair market value, and the moving individuals were not defendants in plaintiff's New York action. In any event, the existence of the fair and real market value of the transfer will necessarily negate any showing of actual intent to defraud plaintiff by Ocean.

As the moving defendants' default is not willful and there exists a meritorious defense, the Court should set aside the default judgment.

## POINT IV

**PLAINTIFF' HAD MADE MISREPRESENTATION OF FACTS AND CONCEALED INFORMATION FROM THE COURT.**

The moving defendants submit that plaintiff has made misrepresentations to the Court about material facts, concealed material facts from the Court to cover up the procedural and substantive legal flaws of plaintiff's action, failed to make reasonable inquiry into the law and facts before commencing this action and making the motion for default judgment, and filed a fraudulent conveyance claim knowing that it had absolutely no chance of success.  Def. Mem., at 24-29.

Plaintiff does not respond to these charges.  Nor does plaintiff provide the Court with any explanation in its own defense.  Accordingly, the Court is requested to set aside the judgment pursuant to Rule 60(b)(3) and award the moving defendants costs and reasonable attorney's fees incurred in vacating a default judgment that was wrongfully obtained.

## **CONCLUSION**

For the reasons stated in the foregoing, the moving defendants respectfully request that the Court grant their motion in its entirety and that the Court award them such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
       July 31, 2008

LAW OFFICES OF BING LI, LLC
Attorneys for Defendants Hongming Li
and Xiaoming Zhang

By: /s/
   Bing Li (BL 5550)

Daniel P. Levitt, Esq. (DL 6020)

/s/
Co-Counsel for the moving defendants