UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BANK OF COMMUNICATIONS,
NEW YORK BRANCH,                                    Case No. 07 CV 4628

                              Plaintiff,    **SUR-REPLY AFFIRMATION**

      - against -

OCEAN DEVELOPMENT AMERICA, INC.,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG

                              Defendants.
------------------------------------------------------------X

    I, Anne Seelig, being duly sworn, affirm and say:

    1.    I am an associate of the law firm of Wu & Kao, attorneys for plaintiff, Bank of Communications, New York Branch ("BOC"), and as such, I am fully familiar with the matters set forth herein. I submit this Sur-Reply Affirmation in further opposition to the Defendants' Order to Show Cause seeking an Order vacating the Default Judgment granted by Honorable Judge Griesa on March 10, 2008.

    2.    Contrary to Defendants' allegations, Plaintiff does, have in personam jurisdiction over the Defendants. Any defense Defendants may have raised regarding objecting to jurisdiction has already been waived by Defendants' conduct in writing to the Court four (4) times, but failing to further participate in any formal proceedings. Defendants waived the privileged defense of lack of personal jurisdiction, by their submission through conduct.

    3.    Section 8.11 of the Credit Agreement states "Each of the parties hereto submits to the venue and jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, New York County, for the purposes of

adjudicating any dispute or controversy arising our of or in connection herewith...each party waives...any objection which it may at any time have as to the venue or forum of any such proceeding." Further, the Revolving Note specifically states "This Note has been delivered by the Borrower to the Bank and shall be deemed to be a contract made under the laws of the State of New York and for all purposes shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of laws." (See Exhibit A). The Loan was made from Plaintiff, a New York Banking agency and thus the underlying events and transactions took place in New York for jurisdictional purposes.

4. Contrary to Defendants allegations that they were never served with the Summons and Complaint, service of the Summons and Complaint was effectuated on Defendants in compliance with the Federal Rules. Defendants have yet to explain how, if they were not served, they received notice of the action against them resulting in them writing four (4) letters to the Court.

5. Contrary to Defendants allegation of 'excusable default', they do not provide any facts to disprove that their default in this action was wilful. Defendants have repeatedly ignored the proceeding, even after the Court itself contacted Defendants for participation in a teleconference, Defendants deliberately ignored the Court.

6. Defendants wilfulness is evidenced by their attempt, at every instance to avoid participation in this action: (I) Defendants tried to avoid service of the Summons and Complaint, (II) Defendants changed the Registered Agent for Service of Process around the time of service to avoid or attempt to dispute service on such agent (III) Defendants wrote to the Court, but failed to respond to Wu & Kao's letters and phonecalls (IV) Defendants failed to respond to phonecalls by the Court (V) Defendants deliberately refused to claim certified mailings sent by Wu & Kao to Defendants' address they provided to the Court. Defendants fail to offer any response as to why they refused to

formally participate in this action.

7. Defendants fail to raise any meritorious defenses in their Reply. There was in fact a fraudulent conveyance of the Premises, as Hongming Li and Xiaoming Zhang were not "bona fide" purchasers. Ocean Development, Li and Zhang all had full knowledge and awareness of the debt owed to BOC, the New York Supreme Court action, and later, the New York Supreme Court Judgment. They engaged in self-dealing as officers of Ocean Development to transfer the company property to themselves as individuals to avoid repayment to BOC and liability of the NYS Supreme Court Judgment. As corporate officers, Li and Zhang may be held individually liable for their participation in the commission of the fraud.

8. Based upon the foregoing, as Defendants cannot demonstrate that their default was not wilful or that they have a meritorious defense, Defendants' Order to Show Cause must be denied.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an order denying Defendants' Order to Show Cause, and for such other relief as the Court deems just and proper.

Dated: August 1, 2008
New York, New York

_____
Anne Seelig (AS-3976)
Wu & Kao
Attorneys for Plaintiff
747 Third Avenue, 22nd Floor
New York, New York 10017
(212) 755-8880

# EXHIBIT A

## REVOLVING NOTE

$5,500,000.00                                                      May 1, 2001

FOR VALUE RECEIVED, OCEAN DEVELOPMENT AMERICA, INC., a California corporation having its principal place of business at 13453-A Brooks Drive, Baldwin Park CA 91706 (the "Borrower") promises to pay to the order of BANK OF COMMUNICATIONS, NEW YORK BRANCH (the "Bank") at the Bank's office, One Exchange Plaza, 55 Broadway, 31st & 32nd Floor New York, New York 10006, the principal sum of FIVE MILLION FIVE HUNDRED THOURSNAD and 00/100 ($5,500,000.00) DOLLARS, or, if less, the aggregate principal amount of all revolving loans made by the Bank to the Borrower pursuant to the Credit Agreement referred to below, in lawful money of the United States of America, on or before **March 1, 2002** (the "Expiration Date").

The Borrower promises also to pay to the Bank interest, computed on the basis of actual days outstanding a year of 360 days, as set forth in Section 2.6 in the Credit Agreement, on the unpaid principal balance outstanding hereunder, in like money at such office, on a revolving basis of not more than **One Hundred and Eighty (180) days** (including any trust receipts / usance L/Cs / acceptances period), (i) from the date hereof until the Expiration Date (whether by acceleration or otherwise) at the rate per annum (the "Interest Rate") equal at all times to **one quarter (0.25%) of one percentage point below the Prime Rate**, as defined in the Credit Agreement; any changes in the Interest Rate shall take effect simultaneously with the corresponding change in the Prime Rate; (ii) from such maturity of the respective loans until paid and during the rollover period, the unpaid principal amount of the outstanding loans shall bear interest at the rate per annum equal to **one-half of one (0.5%) percentage point** in excess of the Interest Rate (the "Rollover Rate"); and (iii) after the Expiration Date or during the continuance of an Event of Default (as defined in Section 6.1 of the Credit Agreement), at the rate per annum equal to **five (5%) percentage points** in excess of the applicable Interest Rate (the "Default Rate").

Notwithstanding anything to the contrary contained herein, in no event shall the total of all charges payable under this note, and the Credit Agreement which are or could be held to be in the nature of interest, exceed the maximum rate permitted to be charged by applicable law. Should the Bank receive any payment which is or would be in excess of that permitted to be charged under any such applicable law, such payment shall have been, and shall be deemed to have been, made in error and shall automatically be applied to reduce the principal balance outstanding on this Note.

This Note has been delivered by the Borrower to the Bank and shall be deemed to be a contract made under the laws of the State of New York and for all purposes shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of laws.

The Borrower expressly waives any presentment, demand, protest or notice in connection with this Note, now or hereafter, required by applicable law.

This Note is referred to in and issued subject to the Credit Agreement dated as of **May 1, 2001** between the Borrower and the Bank to which reference is made hereinabove. In case an Event of Default shall occur and be continuing, the principal of and accrued interest on this Note may be declared to be due and payable in the manner and with the effect provided in the Credit Agreement.

The Borrower agrees to pay, and save the holder hereof harmless against any liability for the expenses arising in connection with the enforcement by the holder of any of its rights under this Note or the Credit Agreement.

(Corporate Seal)

BORROWER:

OCEAN DEVELOPMENT AMERICA, INC.

By: _____
    Xiaomin Zhang    President

By: _____
    Ye Hua Wang    Chief Executive Officer

[SIGNATURE VERIFIED]

2