LAW OFFICES OF BING LI, LLC
Bing Li, Esq. (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
(212) 658-9788 (facsimile)
bli@blillc.com

Daniel P. Levitt, Esq. (DL 6020)
145 Griffen Avenue
Scarsdale, NY 10583
(914) 698-8193

Attorneys for Defendants Hongming Li
and Xiaoming Zhang

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
BANK OF COMMUNICATIONS,                    07 civ. 4628 (TPG)
NEW YORK BRANCH,
      Plaintiffs,

 -against-

OCEAN DEVELOPMENT AMERICA, INC.,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG,

      Defendants
-----------------------------------------------------------x

**DECLARATION OF BING LI IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SANCTIONS AND**
**IN FURTHER SUPPORT OF DEFENDANTS' MOTION**
**TO VACATE THE DEFAULT JUDGMENT**

  BING LI, declares under penalty of perjury as follows:

 1. I am a member of the Law Offices of Bing Li, LLC, attorneys for defendants Hongming Li and Xiaoming Zhang (the "moving defendants").

2. I am personally familiar with the facts and circumstances set forth herein.

3. I respectfully submit this Declaration in opposition to plaintiff's motion for award of sanctions and in further support of the moving defendants' motion to vacate the default judgment dated March 10, 2008 and for such other relief as the Court may deem just and proper.

4. True copies of excepts from the transcript of the hearing held by the Court on August 4, 2008 are submitted herein as Exhibit A.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on September 17, 2008
New York, New York

/s/
Bing Li (BL 5550)

**EXHIBIT A**

```
8849BANA
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  BANK OF COMMUNICATIONS,

4              Plaintiff,

5         v.                            07 CV 4628 (TPG)

6  OCEAN DEVELOPMENT  AMERICA,

7              Defendant.

8  ------------------------------x
                                       New York, N.Y.
9                                      August 4, 2008
                                       11:00 a.m.
10
   Before:
11
                    HON. THOMAS P. GRIESA,
12
                                            District Judge
13
                         APPEARANCES
14
   WU & KAO, P.L.L.C.
15      Attorney for Plaintiff
   BY: ANNE SEELIG
16
   DANIEL P. LEVITT
17 BING LI
        Attorneys for Defendants
18

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

1          The plaintiff claims they made substituted service on
2  them in California.  But the documentation that they have given
3  the court to show that doesn't name either one of the
4  individual defendants.  In fact, it indicates they served other
5  people.
6          They have submitted returns of service claiming to
7  have made personal -- I think it's Exhibit C and D of the
8  opposition affirmation saying that their process server served
9  a defendant at -- in Baldwin, California, where the company is,
10 but neither one of those returns of service indicate whether it
11 served the corporate defendant or the individual defendants.
12 And, in fact, they name --
13         THE COURT:  Look, let me interrupt you.  There are
14 obviously problems.  I've interrupted you and you have more to
15 say, but I want to ask the plaintiff's attorney, Ms. Seelig,
16 what is the cause of action against the two individuals?
17         MS. SEELIG:  Would you like me to approach the podium?
18         THE COURT:  Yes.
19         MS. SEELIG:  Good morning, your Honor.  We are suing
20 the two individuals for the fraudulent transfer and because of
21 their fraud for the debt owed.  So -- we have.
22         THE COURT:  Well how do you get the -- they weren't
23 guarantors of the debt, were they?
24         MS. SEELIG:  No, your Honor, they were not.
25         THE COURT:  And there's a default judgment against

1          MS. SEELIG:  Yes, your Honor.

2          THE COURT:  And then the second cause of action --

3 well, it's not the clearest complaint in the world, but I'm

4 looking under permanent relief.  Subdivision (a) asked for

5 entry of a judgment against Ocean Development on the first

6 cause of action.  And then (b), obviously, relates to the

7 second cause of action, entry of a judgment setting aside the

8 fraudulent conveyances.  And then (c), entry of a judgment

9 against the individual defendants for the rental value and asks

10 for an accounting of rental revenues.  And then there is this

11 request for compensatory damages on all causes of action,

12 punitive damages on the second cause of action, costs and

13 attorneys' fees.

14          I don't see even under the complaint as it's written

15 any justification for a default judgment against the individual

16 defendants in the amount of four million plus, which is the

17 amount of the entire debt.

18          Now, let me see the default judgment.

19          MR. LEVITT:  That was Exhibit B to the Bing Li

20 declaration.  Just lumps all three defendants on the 4.9

21 million.

22          THE COURT:  Well, this proposed judgment should never

23 have been submitted and I as a judge should never have signed

24 it.  But, the problem was that I had waited -- this had been

25 submitted months before it was signed and the information

8849BANA

1   but when there's an action seeking to avoid a conveyance of
2   property and somebody waits around and -- for months, the
3   property could have been dealt with in an improper way.  I
4   don't know that.
5              So, I will vacate the default, but I will levy
6   sanctions and these sanctions will not be small, and they will
7   have to be paid before this judgment is vacated.  A check will
8   have to be delivered.  I'll now deal with the amount of the
9   sanctions.
10             MR. LI:  Your Honor, may I be heard on that, your
11  Honor.  Number one, the conveyance -- let's go back to Rule
12  60(b); 60(b) we are relying on four grounds.
13             THE COURT:  I'm not concerned -- that does not address
14  my point at all.  That does not address my point.
15             My point is that there was a request for a default
16  judgment.  And the court waited.  I can't recite the record,
17  but the record -- I know this has occurred.  There were efforts
18  and efforts and efforts to obtain some meaningful response,
19  something that would constitute a proper response to this
20  complaint.  Even if there were personal jurisdiction arguments,
21  service of process arguments, those have to be made.  And they
22  have to be made in an appropriate way.  And they weren't.  And
23  all that time went by.
24             MR. LEVITT:  Your Honor, may I be heard?
25             THE COURT:  So I want to hear -- I will entertain an

8849BANA

1           No calls were returned.
2           We wrote to your Honor on January 8, 2008 and again on
3   January 28, 2008, which are my Exhibits I and Exhibit J.
4           THE COURT:  January 8 and January 28.
5           MS. SEELIG:  Yes.  To inform the court of our efforts.
6           Then, on or about February 22, 2008 the court informed
7   my firm, Wu & Kao, that the court had also made calls to set up
8   the teleconference by trying to contact the defendants
9   directly, but the court had also received no response.
10          Then a few days later on February 29, 2008, the court
11  had instructed us to resubmit our motion for default judgment,
12  along with a cover letter regarding the case history, which we
13  did.  Exhibit K is the cover letter.  And thereafter on
14  March 10 your Honor granted plaintiff its default judgment.
15          THE COURT:  Just a minute.
16          (Pause)
17          Now, why did you submit a default judgment asking for
18  judgment against these defendants for the entire debt of the
19  company?
20          MS. SEELIG:  Your Honor, I apologize for that if in
21  any way the language of the default judgment was improper.
22          I had believed that due to the fraud committed, that
23  we believed by Hongming Li and Xiaoming Zhang, they were
24  both -- Ms. Zhang was the seller, she signed for the seller,
25  and was the purchaser of the property, the fraudulent transfer.

1    enforcement, they get activated.  But it's a terrible record of
2    literal contumacious conduct versus the court on the part of
3    your clients.
4              MR. LEVITT:  Your Honor, may I be heard?
5              THE COURT:  Yes.
6              MR. LEVITT:  First, your Honor will note that on the
7    second page of the plaintiff's lawyer's August 14 letter which
8    they called your attention to a few minutes ago, the author of
9    that letter in detail recites the three forms of service of
10   process on Ocean Development.  They do not state that they ever
11   attempted or made any service of process on the individual
12   defendants.
13             THE COURT:  There are obviously problems.  There are
14   problems.
15             MR. LEVITT:  Not every --
16             THE COURT:  There may very well be problems about the
17   service of process.  There may be problems about personal
18   jurisdiction.  There may be problems about the amount of any
19   judgment.  But these people were given an opportunity to voice
20   those, and I just have almost never seen anything like it; an
21   effort by the court, through counsel, directly by the court,
22   and I'm not going to sit here and expostulate anymore.
23             But the finding, it's absolutely clear as can be that
24   they were -- I don't want to use contempt of court because
25   that's a technical term, so I used a little different term, but

8849BANA

1  they were willfully refusing to respond in any way to the most
2  considerate procedures that the court could probably provide
3  for them to state their case.
4           MR. LEVITT:  Your Honor, they may not have acted
5  wisely.
6           THE COURT:  I will --
7           MR. LEVITT:  They may not have acted --
8           THE COURT:  I will consider vacating the judgment
9  after I have a motion for sanctions.  The sanctions are not
10 going to be huge, but the -- there was some legal time spent in
11 all these months and so I want a motion which will be a
12 sensible motion to -- for sanctions to recover unnecessary
13 legal expense and anything else that is appropriate.  That
14 motion must, of course, be on notice and the other side will
15 have an opportunity to respond.  That's all we will do today.
16          MR. LEVITT:  Let me just make three points, your
17 Honor.
18          First, the individual defendants may not have acted
19 wisely, but I don't think they acted illegally.
20          Secondly, much of the problem was the result of the
21 plaintiff's lawyer's conduct when they overcharged.  They
22 drafted a form of judgment which had no connection with
23 reality.  Ms. Seelig admitted that at the time --
24          THE COURT:  Now, look here, look here.  Your clients
25 had an opportunity to have everything stated.  My problem is,