UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BANK OF COMMUNICATIONS,                    07 civ. 4628 (TPG)
NEW YORK BRANCH,
                         Plaintiffs,

    -against-

OCEAN DEVELOPMENT AMERICA, INC.,
HONGMING LI a/k/a MICHAEL LI and
XIAOMING ZHANG,

                         Defendants
------------------------------------------------------------x


**MEMORANDUM OF LAW OF HONGMING LI
AND XIAOMING ZHANG IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS**


LAW OFFICES OF BING LI, LLC
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
(212) 658-9788 (facsimile)

Daniel P. Levitt, Esq. (DL 6020)
145 Griffen Avenue
Scarsdale, NY 10583
(914) 698-8193

Attorneys for Defendants Hongming Li
and Xiaoming Zhang

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 1

    A. BOCNY-Ocean Loan Agreement ........................................................................ 1

    B. BOCNY's New York Action ................................................................................ 1

    C. BOCNY's Federal Action ..................................................................................... 1

    D. Individual Defendants' Contact with the Court .................................................... 2

    E. The Proposed Default Judgment ........................................................................... 2

    F. The Instant Motion to Vacate the Default Judgment ............................................ 3

    G. The August 4, 2008 Hearing ................................................................................ 3

ARGUMENT ....................................................................................................................... 5

    Point I
    The Court Should Not Impose Any Sanctions On The
    Individual Defendants Because The Judgment Was
    Void, The Proposed Judgment Submitted By Plaintiff
    Was Improper, And Plaintiff Made Misrepresentations
    To The Court. ............................................................................................................ 5

    Point II
    The Court Should Not Award Plaintiff All Legal Fees
    Billed By Plaintiff's Counsel In This Action. .......................................................... 7

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Statutes and Court Rules**

Fed. R. Civ. P. 16(f) .................................................................................................. 4

Fed. R. Civ. P. 55(c) .................................................................................................. 3

Fed. R. Civ. P. 60(b) .................................................................................................. 3

Fed. R. Civ. P. 60(b)(1) ............................................................................................. 3

Fed. R. Civ. P. 60(b)(3) ............................................................................................. 3

Fed. R. Civ. P. 60(b)(4) ............................................................................................. 3,5

Fed. R. Civ. P. 60(b)(6) ............................................................................................. 3

L. Civ. R. 83.9 ........................................................................................................... 4

**Cases**

Domond v. Great American Recreation, Inc.
116 F.Supp.2d 368 (E.D.N.Y. 2000) ........................................................................ 6

Leab v. Streit
584 F.Supp. 748 (S.D.N.Y. 1984) ............................................................................ 5

Triad Energy Corp. v. McNell
110 F.R.D. 382 (S.D.N.Y. 1986) .............................................................................. 6

**PRELIMINARY STATEMENT**

Individual defendants, Hongming Li and Xiaoming Zhang (the "moving defendants"), husband and wife, through their undersigned attorneys, respectfully submit this Memorandum of Law in opposition to plaintiff's motion for sanctions pursuant to the Court's instruction issued at the hearing held on August 4, 2008.

**PROCEDURAL HISTORY**

**A.  BOCNY-Ocean Loan Agreement**

Plaintiff Bank of Communications, New York Branch ("BOCNY") is a banking institution maintaining its office in New York.  Ocean Development America, Inc. ("Ocean") was a California corporation with offices in California.  On May 1, 2001, BOCNY and Ocean entered into a loan agreement whereby BOCNY extended Ocean a credit line in the amount of $5,500,000.00.  The individual defendants were and are California residents.  They were not parties to the loan agreement, did not personally guarantee the loan; and were not responsible for the use of the loan proceeds.

**B.  BOCNY's New York Action**

Ocean subsequently defaulted on the loan agreement.  Plaintiff in October 2003 commenced a legal action in the state court of New York (the "New York Action").  After Ocean failed to respond to the New York Action, plaintiff obtained a default judgment dated August 14, 2006 against Ocean for the amount of $4,874,210.58 (the "New York Judgment").

**C.  BOCNY's Federal Action**

About one year later, on June 1, 2007, BOCNY commenced an action in this Court against Ocean (First Cause of Action) seeking entry of a judgment based on the New York Judgment.  In addition, BOCNY's federal complaint also named the individual defendants

alleging that they had fraudulently transferred a warehouse of Ocean to themselves in or about June 2004.  Plaintiff sought judgment in this action against the individual defendants but limited solely to the warehouse.

### D.  Individual Defendants' Contact with the Court

Following commencement of the federal action and plaintiff's purported service of the summons and complaint on the corporate defendant, the individual defendants wrote to the Court on four occasions, July 1, July 13, July 16, and July 31, 2007.  In each of these letters the defendants informed the Court that plaintiff's service was insufficient.  In addition, they also notified the Court in the last two letters that (a) they were not owners of Ocean and (b) they had had no contact with New York.

Court record shows that the Court received these letters and forwarded them to plaintiff's counsel for response.  According to plaintiff's counsel, on August 14, 2007 they sent a letter to the individual defendants with erroneous assertions of law, distortions of fact and a coercive demand for "full payment of $4,874,210.58."  (Seelig 7/28/08 Affirmation, Ex. H)  Plaintiff thereafter moved for default judgment on October 12, 2007 (Li 7/16/08 Aff., Ex. E).  Also according to plaintiff's counsel, the Court in December 2007 once again directed plaintiff to respond to the individual defendants' additional letters.  Plaintiff's counsel allege they made "over ten phonecalls" to the individual defendants in December 2007 and January 2008 "to set up the teleconference," but to no avail.  (Id. ¶ 12)  As a result, plaintiff resubmitted the motion for default judgment.

### E.  The Proposed Default Judgment

Plaintiff submitted to the Court a proposed form of default judgment, which deviated from the relief sought in the complaint, making the individual defendants liable for the entire

debt owed by Ocean to BOCNY--$4,874,210.58. The proposed default judgment was signed on March 10, 2008. (Li 7/16/08 Decl., Ex. B)

### F.  The Instant Motion to Vacate the Default Judgment

By Order to Show Cause dated July 17, 2008, the individual defendants moved to vacate the default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Rule 60(b). They urged the Court to set aside the judgment for lack of in personam jurisdiction and lack of proper service under Rule 60(b)(4); to vacate the judgment pursuant to Rule 60(b)(1) based on excusable neglect and existence of a meritorious defense; to vacate the judgment pursuant to Rule 60(b)(3) because of plaintiff's misrepresentation and concealment of material facts from the Court; and to set aside the judgment pursuant to Rule 60(b)(6) because there exists other reasons justifying relief from the judgment. Plaintiff opposed the motion to vacate but did not dispute the facts presented by the defendants concerning (i) their lack of minimum contact with New York; (ii) their lack of control over Ocean; (iii) the use of the loan proceeds by Ocean's Chinese parent company with BOCNY's full knowledge; and (iv) their transfer of the warehouse for fair market value at the direction of Ocean's parent company.

### G.  The August 4, 2008 Hearing

The Court held a hearing on defendants' motion on August 4, 2008. At the hearing, the Court noted "[t]here are obviously problems" (Tr.[1] 15:13-14) and "[t]here may very well be problems about the service of process. There may be problems about personal jurisdiction. There may be problems about the amount of any judgment." Tr. 29:16-19. In particular,

---

[1] "Tr." refers to the transcript of the hearing held on August 4, 2008 in connection with the individual defendants' motion seeking relief from the default judgment.

- 3 -

when the Court observed that the proposed judgment submitted by plaintiff sought relief that was not pleaded in the complaint, the Court stated on the record as follows:

> THE COURT: I don't see even under the complaint as it's written any justification for a default judgment against the individual defendants in the amount of four million plus, which is the amount of the entire debt.
>
> Now let me see the default judgment.
>
> MR. LEVITT: That was Exhibit B to the Bing Li Declaration. Just lumps all three defendants on the 4.9 million.
>
> THE COURT: Well, this proposed judgment should never have been submitted and I as a judge should never have signed it. ...

Tr. 17:14-24.

The Court then questioned plaintiff's counsel for submitting the proposed default judgment:

> THE COURT: Now, why did you submit a default judgment asking for judgment against these defendants for the entire debt of the company?
>
> MS. SEELIG: Your Honor, I apologize for that if in any way the language of the default judgment was improper.

Tr. 26:17-21.

The Court then indicated it would vacate the default judgment. (Tr. 19:5) Nonetheless, the Court was of the opinion that the letters from the individual defendants were insufficient and "[the individual defendants] were willfully refusing to respond in any way to the most considerate procedures that the court could probably provide for them to state their case" (Tr. 30:1-3). As a result, the Court, <u>sua sponte</u>, adjourned the motion hearing to allow plaintiff to file a motion for sanctions.[2]

---

[2] For this reason, the legal authority cited and relied on by plaintiff in support of the motion is inapposite. For example, plaintiff cites Rule 16(f) which provides for sanctions for failing to obey a court order or to attend a conference. (Seelig 8/20/08 Aff., ¶ 16). Similarly inapposite are plaintiff's Local Rule 83.9 (and the cases involving contempt proceedings) which provides for award of

- 4 -

# ARGUMENT

## POINT I

**THE COURT SHOULD NOT IMPOSE ANY SANCTIONS ON THE INDIVIDUAL DEFENDANTS BECAUSE THE JUDGMENT WAS VOID, THE PROPOSED JUDGMENT SUBMITTED BY PLAINTIFF WAS IMPROPER, AND PLAINTIFF MADE MISREPRESENTATIONS TO THE COURT.**

The moving defendants argue, inter alia, in their motion to vacate the default judgment that the judgment was void within the meaning of Rule 60(b)(4) for lack of in personam jurisdiction and proper service. Plaintiff failed to introduce any admissible evidence to rebut defendants' facts that (1) they had never been to New York except for two 2-3 day tour trips in 1994 and 2000 respectively; (2) they had never lived in New York; (3) they had never worked in New York; (4) they had never conducted business in their individual capacities in New York; (5) they had never conducted or transacted any business in New York; (6) they had never made any contracts in New York; and (7) they had never owned real property in New York. These uncontroverted facts support the finding that the individual defendants were not subject to New York long-arm jurisdiction. Plaintiff's own submissions to the Court, particularly its letter dated August 14, 2007 (Exhibit H attached to Seelig 7/28/08 Aff.), further establishes that there was no service (proper or otherwise) on the individual defendants.

Therefore, the lack of in personam jurisdiction and service of process render the default judgment void under Rule 60(b)(4). See e.g., Leab v. Streit, **5**84 F.Supp. 748, 760-61 (S.D.N.Y. 1984) ("A judgment rendered without in personam jurisdiction is void. [citations omitted] The Court has no choice but to vacate a void judgment pursuant to Rule 60(b)(4).");

---

"reasonable counsel fee" in contempt proceedings. Nor is plaintiff's invocation of the Court's "inherent power" proper in this case where no court orders were disobeyed by the moving defendants and no court orders were ever issued in this action prior to entry of the default judgment.

see also Domond v. Great American Recreation, Inc., 116 F.Supp.2d 368, 375 (E.D.N.Y. 2000); Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986).

First, plaintiff should never have commenced this action against the individuals based on the alleged fraudulent transfer of a California warehouse worth about $500,000. Even assuming plaintiff's factual allegations were true (they are not) that the individuals fraudulently transferred the warehouse, an action to set aside fraudulent conveyances could only have been commenced where the property is located, i.e., in Los Angeles County, California. See Defendants' Memorandum of Law In Support of Motion For Relief dated July 16, 2008 ("Def. Mem."), Point III, Argument, at 21-23. The individuals were not subject to New York long-arm jurisdiction; they were not parties to the loan agreement; and never consented to jurisdiction of New York courts. Therefore, the unfortunate odyssey experienced by all involved in this action--plaintiff, defendants and the Court--would have been avoided and plaintiff's legal expenses would have been saved had plaintiff's counsel exercised due diligence and made reasonable inquiry into the law and facts. Plaintiff's own fault has forced the moving defendants to incur substantial costs so that the Court may correct the very wrong of plaintiff's making.

Second, plaintiff should not be rewarded for submitting a proposed judgment that was improper and, in the Court's opinion, "should never have been submitted." Tr. 17:22-23. Plaintiff also submitted to the Court false and untrue statements that it had properly served the individuals by referring to a purported affidavit of service that was not attached to plaintiff's motion papers and did not even exist (referring to Exhibit E referred to in the Wu Affirmation in support of motion for default judgment but which did not exist). Had plaintiff not made the

misrepresentations regarding (a) its service on the individual defendants and (b) the court's in personam jurisdiction, the Court would not have signed the proposed default judgment.

Third, it was a gross error for plaintiff to have submitted a form of judgment making the individual defendants liable for Ocean's debt of over $4 million while the allegations linking them to this action were the alleged fraudulent transfer of Ocean's warehouse. Under these circumstances, any award of legal expenses to plaintiff would amount to condoning plaintiff's improper conduct.

Accordingly, the Court is requested to vacate the default judgment without requiring the moving defendants to pay sanctions to plaintiff.

## POINT II

### THE COURT SHOULD NOT AWARD PLAINTIFF ALL LEGAL FEES BILLED BY PLAINTIFF'S COUNSEL IN THIS ACTION.

Plaintiff has moved for sanctions against the moving defendants in the amount of **$21,178.50**, which represents the entire amount billed by plaintiff's counsel from filing the summons and complaint to opposing defendants' motion to vacate the admittedly improper default judgment. Affirmation of Anne Seelig dated August 20, 2008 in support of motion for sanctions. ("Seelig 8/20/08 Aff.")

In contemplating imposition of sanctions, the Court intended that plaintiff recover any "unnecessary legal expense" that would have been saved had the defendants formally responded to the Court by appearing and voicing their objections. The Court announced the standard for the motion as follows:

> THE COURT:    I will consider vacating the judgment after I have a motion for sanctions. The sanctions are not going to be huge, but the -- there was some legal time spent in all these months and so I want a motion which will be a sensible motion to -- for sanctions to recover unnecessary legal expense and anything else that is appropriate. ...

Tr. 30:8-14.

The Court was concerned only with the "unnecessary legal expense" incurred in "all these months"--clearly referring to the time period in which defendants sent letters to the Court in July 2007 and in which plaintiff's counsel allegedly tried to contact them in August 2008 and again in December 2007 and January 2008. The Court explained as follows:

> THE COURT:    ... My point is that there was a request for a default judgment. And the Court waited. ... There were efforts and efforts and efforts to obtain some meaningful response, something that would constitute a proper response to this complaint. Even if there were personal jurisdiction arguments, service of process arguments, those have to be made. And they have to be made in an appropriate way. And they weren't. And all the time went by.

Tr. 19:15-23.

Additionally, the Court cautioned that the sanctions "are not going to be huge" and the motion should be "sensible." Tr. 30:9-12.

Reading the Court's instructions in this context, it clearly was <u>not</u> the Court's intention that the individual defendants shoulder all legal fees billed by plaintiff's firm to its client.

The sensible amount of sanctions should be limited to legal expense incurred during the period defined by the Court, in which defendants contacted the Court and plaintiff's counsel allegedly tried to obtain responses from the defendants, i.e., August 2007 through February 2008, for the amount of **$1,402.50** ($275 hourly rate x 5.1 hours), shown as follows:

- 8 -

| Invoice Date | Invoice No. | Description | | Hour |
|---|---|---|---|---|
| 09/27/2007 | BOCM-30826-CL 0915 | [all by Attorney Seelig, $275.00 per hour] | | |
| | | 08/14/2007 | Draft response letter to Defendants, review Defendant's letter to court | 1.5 |
| | | 08/24/2007 | Performed a follow-up to check production, call to CC solutions, call to Judge Griesa's clerk. | 0.30 |

| Invoice Date | Invoice No. | Description | | Hour |
|---|---|---|---|---|
| 01/01/2008 | BOCM-30826-CL 0915 | [all by Attorney Seelig, $275.00 per hour] | | |
| | | 12/20/2007 | Phone called to Prose defendant to schedule telephone conference per Judges Instructions. | 0.20 |
| | | 12/26/2007 | Phone called to Defendants to set up telephone conference, phone called with clerk John Beale. | 0.30 |

| Invoice Date | Invoice No. | Description | | Hour |
|---|---|---|---|---|
| 03/01/2008 | BOCM-30826-CL 0301 | [all by Attorney Seelig, $275.00 per hour] | | |
| | | 01/08/2008 | Drafted letter to Judge. | 1.00 |
| | | 01/10/2008 | Revised and ECF Judge letter. | 0.20 |
| | | 01/14/2008 | Checked Pacer, phone called to Defendants, drafted phone log. | 0.20 |
| | | 01/18/2008 | Phone called to Defendant, check Pacer regarding Court response. | 0.20 |
| | | 01/24/2008 | Phone called to Defendants, checked Pacer regarding any response from Judge to most recent letter, phone called to clerk. | 0.20 |
| | | 01/28/2008 | Drafted letter to Judge Griesa. | 1.00 |
| | | | Total: | 5.1 |

Plaintiff may argue that it is also entitled to legal expense incurred in <u>making</u> the default judgment motion on October 12, 2007 (Li 7/16/08 Decl., Ex. E), for an additional amount of **$1,855** ($350 per hour x 5.3 hours), shown as follows:

| Invoice Date | Invoice No. | Description | | Hour |
|---|---|---|---|---|
| 11/15/2007 | BOCM-30826-CL 0915 | [all by Attorney Wu, $350.00 per hour] | | |
| | | 10/01/2007 | Revised default judgment papers notice, affirmation and order. | 3.00 |
| | | 10/01/2007 | Revised default judgment, judgment affirmation. | 1.80 |
| | | 10/12/2007 | Finalized judgment and exhibits. | 0.50 |
| | | | Total: | 5.30 |

But this is not consistent with the Court's comments at the August 4, 2008 hearing, and the Court has already found that the proposed default judgment "should never have been submitted[.]" Tr. 17:22-23. The 5.30 hours spent drafting (1) an improperly submitted proposed default judgment, (2) a Notice of Motion for Default Judgment and (3) a ten-paragraph Affirmation of Attorney Wu is unreasonable; a fairly reasonable amount to complete this motion should be no more than two (2) hours.

Accordingly, the Court is requested to find that the sensible amount of "unnecessary expense and anything else" should be $1,402.50; or, if the Court is to award reasonable fees in making the default judgment motion, an additional two hours of Attorney Wu's time of $700, for a total of $2,102.50.

**CONCLUSION**

For the reasons stated, the moving defendants respectfully request that the Court vacate the admittedly defective default judgment without requiring them to pay sanctions, and to grant the defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
September 17, 2008

LAW OFFICES OF BING LI, LLC
Attorneys for Defendants Hongming Li
and Xiaoming Zhang

By: /s/
   Bing Li (BL 5550)

/s/
Daniel P. Levitt, Esq. (DL 6020)
145 Griffen Avenue
Scarsdale, NY 10583
(914) 698-8193