UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x
                                           :
BANK OF COMMUNICATIONS, NEW                :
YORK BRANCH,                               :
                                           :
                    Plaintiff,             :        07 Civ. 4628 (TPG)
                                           :
             - against -                   :        **OPINION**
                                           :
                                           :
OCEAN DEVELOPMENT AMERICA, INC.,           :
HONGMING LI a/k/a MICHAEL LI AND           :
XIAOMING ZHANG,                            :
                                           :
                    Defendants.            :
-------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/10

Plaintiff Bank of Communications, New York Branch ("Bank")
brings this diversity action seeking to enforce a judgment obtained in
New York Supreme Court for $4,874,210.58 against defendant Ocean
Development America, Inc. ("ODA").  Plaintiff also asserts a claim for
fraudulent conveyance under New York's Debtor and Creditor Law
("NYDCL") §§ 273 and 276, alleging that individual defendants Hongming
Li and Xiaoming Zhang ("Individual Defendants") transferred corporate
property belonging to ODA to themselves without adequate consideration
to frustrate enforcement of the judgment.

Plaintiff filed its complaint on June 1, 2007.  Individual
Defendants move to dismiss the complaint for lack of personal
jurisdiction, for improper venue, and for failure to state a claim upon

1

which relief can be granted.  The motion is under Fed. R. Civ. P.

(12)(b)(2), 12(b)(3), and 12(b)(6).  Plaintiff opposes.  The motion is denied.

## BACKGROUND

The Complaint

Except where otherwise indicated, the following facts are taken

from the complaint and from exhibits attached to the complaint.  While

the parties presented additional materials both in support of and in

response to the motion to dismiss, the court declines to transform

Individual Defendants' motion to dismiss into a Fed. R. Civ. P. 56 motion

for summary judgment because it appears that neither party reasonably

anticipated such conversion.  For purposes of this motion, the facts

alleged in plaintiff's complaint are taken as true, and all reasonable

inferences are drawn in the plaintiff's favor.

On or about May 1, 2001, defendant ODA, a California corporation

in the business of wholesale of audio and videocassettes and parts,

executed a credit agreement and revolving note ("Credit Agreement") with

Bank.  Defendant Zhang, the president of ODA, signed the Credit

Agreement on ODA's behalf.  Under the terms of the Credit Agreement,

Bank loaned ODA $5.5 million, which was to be repaid by March 1,

2002.  The Credit Agreement also contained a choice-of-law and forum-

selection clause, Section 8.11, which states, in relevant part:

> This Agreement shall be construed in accordance with and
> governed for all purposes by the substantive law and public policy
> of the State of New York applicable to contracts made and to be
> wholly performed in that State.  Each of the parties hereto submits

2

to the venue and jurisdiction of the United States District Court for
the Southern District of New York and the Supreme Court of the
State of New York, New York County, for the purposes of
adjudicating any dispute or controversy arising out of or in
connection herewith. Each of the parties agrees that all
controversies based upon, related to, arising from, or in connection
with the subject matter of this Agreement shall be litigated only in
courts situated in the City and County of New York, State of New
York and each party waives, to the fullest extent permitted by law,
any objection which it may at any time have as to the venue or
forum of any such proceeding.

Approximately one month after the execution of the Credit
Agreement, ODA defaulted on the loan. After extensive efforts to recoup
its money out of court, Bank filed a complaint in Supreme Court New
York County against ODA in September 2003. In October 2003,
defendant Li, an officer of ODA and husband of defendant Zhang,
entered an appearance on behalf of ODA. Defendant Li also proposed a
settlement to Bank. In December 2003, Bank responded to the
settlement offer but never received any reply from defendants.

According to Individual Defendants' brief, around the time Bank
initiated its lawsuit, ODA was on the verge of insolvency and therefore
decided to wind up its business. As of late 2003, it was no longer able to
pay its employees' salaries.

On June 24, 2004, while the lawsuit was still pending, Individual
Defendants purchased a warehouse at 13453 Brooks Drive, Unit A, in
Baldwin Park, California from ODA. Individual Defendants claim that
the appraised value of the Warehouse was $560,000, with an existing
mortgage of $409,944. Because Individual Defendants proceeded

3

without an agent, they avoided incurring the standard 6% commission and thus were able to purchase the property for $520,000. Individual Defendants financed the purchase with approximately $158,000 of their own money and $364,000 borrowed from a bank. At all times, Individual Defendants have lived in Monrovia, California and have only visited New York twice for brief vacations in 1994 and 2000.

On June 2, 2005, Bank was granted a default judgment against ODA in the amount of $4,874,210.58 ("New York judgment"). The New York judgment was filed and entered with the New York County Clerk on August 16, 2006. Bank demanded payment of the New York judgment from ODA but received no response.

Plaintiff's Claims

Plaintiff brings two claims in this diversity action under 28 U.S.C. § 1332(a)(1). First, plaintiff asserts a claim to enforce the New York judgment against defendant ODA. Plaintiff's second claim is that defendant ODA, through its president, defendant Zhang, fraudulently conveyed the warehouse to Individual Defendants as joint tenants without fair consideration and with full knowledge of ODA's status as a judgment debtor in the New York action. Bank contends that the transfer of the warehouse violated NYDCL §§ 273 and 276 because it rendered ODA insolvent and was conducted in an effort to hinder, delay, and defraud plaintiff.

4

Plaintiff seeks to recover money damages from all defendants. Bank also seeks entry of a federal judgment on the New York judgment against defendant ODA.[1]

## Procedural History

Plaintiff filed its complaint in this action on June 1, 2007. The summons and complaint were served on Individual Defendants in California on June 21, 2007 and on ODA on June 22, 2007 via its designated agent for service. Having received no response from defendants, Bank moved for entry of a default judgment on October 15, 2007. After several unsuccessful attempts to contact defendants, the court entered a default judgment on March 10, 2008, granting plaintiff $4,874,210.58 with interest at the legal rate from August 16, 2006, plus the costs and disbursements of this action to be taxed. The court also granted a writ of attachment and permanent injunction against defendants concerning their assets. On July 17, 2008, more than four months after entry of the default judgment, Individual Defendants filed an order to show cause to vacate the default judgment. On September 4, 2008, plaintiff moved for the imposition of sanctions against Individual Defendants based on their dilatory conduct. The court awarded plaintiff $5,000 in sanctions on February 23, 2009 to compensate plaintiff for incurring excessive legal expense due to Individual Defendants' delay.

---

[1] ODA has never entered an appearance in this action nor attempted to vacate the March 10, 2008 default judgment. The default judgment against ODA for enforcement of the New York judgment therefore remains in effect.

5

On March 4, 2009, the court vacated the default judgment against
Individual Defendants.

On April 10, 2009, Individual Defendants filed the motion now
before the court.

## DISCUSSION

Personal Jurisdiction

On a Rule 12(b)(2) motion to dismiss for lack of personal
jurisdiction, the plaintiff has the burden of showing that the court has
jurisdiction over the defendant.  See Bank Brussels Lambert v. Fiddler
Gonzales & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).  In the absence
of or prior to jurisdictional discovery, the court presumes the truth of the
complaint's allegations, construes the complaint in its most favorable
light, and resolves all doubt in favor of the plaintiff, who need make only
a prima facie showing of jurisdiction based on its own pleadings and
affidavits.  See DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir.
2001).  When deciding a Rule 12(b)(2) motion, courts may "consider
affidavits and documents submitted by the parties without converting
the motion into one for summary judgment under Rule 56."  ESI, Inc. v.
Coastal Corp., 61 F. Supp. 2d 35, 50 n.54 (S.D.N.Y. 1999).

In assessing whether personal jurisdiction is authorized in a
diversity case, the court must conduct a two-part inquiry.  First, the
court must look to the statutes of the forum state and determine whether
the plaintiff has shown that New York law would confer upon its courts

the jurisdiction to reach defendants.  If the exercise of jurisdiction is appropriate under a New York statute, the court must decide whether such exercise comports with the requisites of due process.  See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999).

Plaintiff advances three bases for finding that this court has personal jurisdiction over Individual Defendants:  (a) Individual Defendants' allegedly fraudulent transfer of the warehouse, which caused injury to Bank in the state of New York under New York's long-arm statute, C.P.L.R. § 302(a)(3)(ii); (b) Individual Defendants' participation in the New York action; and (c) the forum-selection clause in the Credit Agreement.  The court believes that the first point is valid, for reasons to be discussed, but that the other two points are not.

C.P.L.R. § 302(a)(3)(ii) provides for personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state," if he reasonably expects the act to have consequences in the state and derives substantial benefit from interstate or international commerce.  N.Y.C.P.L.R. § 302(a)(3)(ii).  A cause of action for fraudulent conveyance is a species of tort.  See Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 898-99 (2d Cir. 1980); Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 770 (E.D.N.Y. 1995).

Plaintiff alleges that ODA's conveyance of the warehouse to Individual Defendants resulted in injury to Bank because it frustrated

Bank's attempts to satisfy the New York judgment.  The claim is that Individual Defendants took possession of the warehouse during the pendency of the New York action, which plaintiff brought against ODA based on its default on the $5.5 million loan, with the result that Individual Defendants committed an act which they reasonably could have expected to have consequences in New York.

The C.P.L.R. 302(a)(3)(ii) requirement that the defendant derive substantial revenue from interstate or international commerce is designed to narrow the long-arm reach to preclude the exercise of jurisdiction over non-domiciliaries who might cause direct, foreseeable injury within the state but whose business operations are of a local character.  See Ingraham v. Carroll, 90 N.Y.2d 592, 599, 665 N.Y.S.2d 10, 687 N.E.2d 1293 (1997).  Dismissal for lack of personal jurisdiction is inappropriate under C.P.L.R. § 302(a)(3)(ii) "even where there is no proof that a defendant derives substantial revenue from interstate or international commerce, where that knowledge is peculiarly under the control of [the defendant], and may come to light in the course of [s]ubsequent discovery."  Mfg. Tech., Inc. v. Kroger Co., No. 06 Civ. 3010 (JSR), 2006 WL 3714445, at *3 (S.D.N.Y. Dec. 31, 2006) (alterations in original).

Bank contends that Individual Defendants, as the sole U.S. representatives of ODA, derived substantial revenue from interstate commerce.  Although this is merely a conclusory statement in a brief,

Bank includes with its brief a report of a review conducted by an accountant that ODA submitted in connection with its loan application. This report for the 2001 fiscal year, issued on April 20, 2002, found ODA to have approximately $7.6 million in net sales.

While Individual Defendants state that ODA decided to wind up its business in 2003 such that the company, and Individual Defendants as the sole principals in the U.S., were not earning substantial revenue at the time the warehouse was transferred in 2004, this does not mean the company was out of business. Also, the business of wholesaling audio and videocassettes and parts would seem to be the kind of business involving interstate commerce. Moreover, the warehouse must have been purchased for a business purpose because it is not being used by Individual Defendants as a residence. And since this is precisely the type of information that tends to be within a defendant's exclusive control, the dearth of facts concerning Individual Defendants' revenue from interstate commerce is not fatal and does not make jurisdiction inappropriate under Section 302(a)(3)(ii); dismissal at this stage is unwarranted. Accordingly, plaintiff has met its burden of making a prima facie showing that this court has personal jurisdiction over Individual Defendants under New York's long-arm statute.

Improper Venue

When venue is challenged in a Rule 12(b)(3) motion to dismiss, the plaintiff bears the burden of proving that venue is proper in the chosen

forum.  See U.S. Envtl. Prot. Agency ex rel. McKeown v. Port Auth. of N.Y.

& N.J., 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).  Although a court may

consider facts outside the pleadings, it must take all allegations in the

complaint as true, unless contradicted by defendants' affidavits, and

must draw all reasonable inferences and resolve all factual conflicts in

favor of the plaintiff.   See id.

Bank offers two arguments in support of its claim that venue in

the Southern District of New York is proper.  Plaintiff asserts that

Individual Defendants not only acquiesced to jurisdiction in the Southern

District by virtue of the forum-selection clause, but also that the majority

of events underlying the fraudulent conveyance claim occurred here.

Under 28 U.S.C. § 1391(a), a civil action where jurisdiction is

based solely on diversity may be brought only in:

(1) a judicial district where any defendant resides, if all defendants
reside in the same State, (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred, ... or (3) a judicial district in which any defendant is
subject to personal jurisdiction at the time the action is
commenced, if there is no district in which the action may
otherwise be brought.

Individual Defendants challenge venue on the grounds that the

Southern District of New York is not the district where they reside, where

a substantial part of the events or omissions giving rise to the claim

occurred, or where the property that is the subject of plaintiff's alleged

fraudulent conveyance claim is situated.  Because Individual Defendants

are not residents of this district, and the action could have been brought

10

elsewhere -- for instance, in California, where they reside and where the

Warehouse is located -- this district is a proper venue only if plaintiff can

show that "a substantial part of the events or omissions giving rise to the

claim occurred" in this district.  28 U.S.C. § 1391(a)(2).  In other words,

"for venue to be proper, significant events or omissions material to the

plaintiff's claim must have occurred in the district in question, even if

other material events occurred elsewhere."  Gulf Ins. Co. v. Glasbrenner,

417 F.3d 353, 357 (2d Cir. 2005).  Material acts are considered

"significant and, thus, substantial" when they "bear a close nexus to the

claims."  Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 433 (2d

Cir. 2005).  While a plaintiff need not establish that the proposed venue

had the most substantial contacts to the dispute, it must show that a

significant part of the events occurred here even if a greater part of the

events took place elsewhere.  See Neufeld v. Neufeld, 910 F. Supp. 977,

986 (S.D.N.Y. 1996).  Indeed, the fact that substantial activities may

have taken place in other districts is not dispositive; venue may lie in

more than one district.  See Saferstein v. Paul, Mardinly, Durham,

James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 735-36 (S.D.N.Y.

1996).

Even though ODA transferred the warehouse to Individual

Defendants in California, the Southern District of New York is an

appropriate venue to hear plaintiff's fraudulent conveyance claim.  The

Credit Agreement and New York judgment—the basis for Bank's debt and

11

the predicate of its fraudulent conveyance claim—originated in New York.
Thus, substantial events material to Bank's claim occurred here, making
this district a suitable venue.

Failure to State a Claim

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P.
12(b)(6), the court must accept the factual allegations set forth in the
complaint as true and draw all reasonable inferences in favor of the
plaintiff.  See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.
2006).  "To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to state a claim to relief that
is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).
"A claim has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the defendant
is liable for the misconduct alleged." Id.  While a complaint need not
supply "detailed factual allegations," it must consist of more than "labels
and conclusions" or a "formulaic recitation of the elements of a cause of
action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The
court's determination of whether a complaint states a "plausible claim for
relief" is a "context-specific inquiry" that requires application of "judicial
experience and common sense." Iqbal, 129 S.Ct at 1950.  Unless a
plaintiff's well-pleaded allegations have "nudged [its] claims across the
line from conceivable to plausible," the complaint must be dismissed.
Twombly, 550 U.S. at 570.

Plaintiff proffers two theories of fraudulent conveyance –
constructive fraud under NYDCL § 273 and actual fraud based on
NYDCL § 276.

A: Constructive Fraud

Plaintiff asserts a claim of constructive fraud under Section 273 of
the New York Debtor and Creditor Law.  NYDCL § 273 states that:
"Every conveyance made and every obligation incurred by a person who
is or will be thereby rendered insolvent is fraudulent as to creditors
without regard to his actual intent if the conveyance is made or the
obligation is incurred without a fair consideration."  N.Y. DEBT. & CRED.
LAW § 273.  Thus, to allege a fraudulent conveyance under this provision,
the plaintiff must establish (1) that the plaintiff is a creditor or
transferor; (2) the existence of a debt antecedent to the transfer; (3) a
conveyance; (4) that the transferor was or would become insolvent at the
time of the conveyance; and (5) the absence of fair consideration for the
transfer.  See Mills v. Everest Reinsurance Co., 410 F. Supp. 2d 243, 254
(S.D.N.Y. 2006).

Because the intent to defraud is not an element of constructive
fraudulent conveyance, claims of constructive fraud do not need to meet
the heightened pleading requirements of Fed. R. Civ. P. 9(b).  See
Sullivan v. Kodsi, 373 F. Supp. 2d 302, 307 (S.D.N.Y. 2005).  The issue
of specificity of pleading, therefore, is not before this court with regard to
plaintiff's claim of constructive fraud.

13

Individual Defendants move to dismiss on the ground that the
complaint fails to allege a lack of adequate consideration, an element
required by NYDCL § 273.[2] The element of fair consideration is not met
when the transfer was neither made for a reasonably equivalent value
nor undertaken in good faith. See N.Y. DEBT. & CRED. LAW § 272(a);
Petersen v. Vallenzano, 849 F. Supp. 228, 231 (S.D.N.Y. 1994).
Transfers from an insolvent corporation to an officer, director, or major
shareholder of that corporation are per se violative of the good-faith
requirement of NYDCL § 272 such that the fact that the transfer may
have been made for a fair equivalent is irrelevant. See In re Sharp Int'l
Corp., 405 F.3d 43, 54 (2d Cir. 2005); Atlanta Shipping Corp., Inc. v.
Chem. Bank, 818 F.2d 240, 249 (2d Cir. 1987); see also HBE Leasing
Corp. v. Frank, 48 F.3d 623, 634-35 (2d Cir. 1995) (deeming payments of
pre-existing obligations to corporation's shareholders, directors, or
officers not to be transfers for fair consideration).

Individual Defendants maintain that ODA's sale of the warehouse
was for "reasonably equivalent value" and therefore not fraudulent.
Indeed, Individual Defendants press the fact that the fair market value of
the warehouse was appraised in 2004 for $560,000 and the ultimate
purchase price was $520,000, which they contend undermines plaintiff's
claim of insufficient consideration.  But because Individual Defendants

---

[2] Plaintiff adequately alleges that Bank is a creditor of ODA by virtue of its outstanding
judgment against the company, of which Individual Defendants were well aware.
Moreover, plaintiff asserts that ODA was insolvent at the time of the transfer of the
warehouse.

14

were officers of ODA, the fact that the transfer of the warehouse may have been made for a fair equivalent is immaterial. That ODA began to wind up its business and was unable to pay Individual Defendants their full salaries as of 2003 only underscores the lack of good faith. For present purposes, therefore, plaintiff's allegation of inadequate consideration in the complaint is sufficient to render plaintiff's claim that ODA fraudulently transferred the warehouse to Individual Defendants plausible.

B: Actual Fraud

In addition, or in the alternative, plaintiff's second theory of fraudulent conveyance is that ODA transferred the warehouse to Individual Defendants as joint tenants to hamper Bank's ability to satisfy the New York judgment. NYDCL § 276 requires that the Individual Defendants had "actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors." N.Y. DEBT. & CRED. LAW § 276. To sustain a claim under NYDCL § 276, a creditor must show intent to defraud on the part of the transferor, which must be pled with specificity as required by Fed. R. Civ. P. 9(b). See In re Sharp Int'l Corp., 403 F.3d at 56.

As plaintiff seeks to set aside the purported fraudulent conveyance, the burden of establishing actual intent rests with it. See United States v. Combs, 30 F.3d 310, 328 (2d Cir. 1994). But where "facts are peculiarly within the opposing party's knowledge, as might be the case

15

where private, financial transfers are involved, a complaint may base allegations on information and belief, provided that it adduce specific facts supporting a strong inference of fraud." Sullivan, 373 F. Supp. 2d at 306. Courts may rely on certain "badges of fraud" that give rise to an inference of intent, including: (i) the inadequacy of consideration received in the allegedly fraudulent conveyance; (ii) the close relationship between parties to the transfer; (iii) the retention of possession, benefit, or use of the property in question; (iv) the financial condition of the party sought to be charged both before and after the transaction in question; (v) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency, or threat of suits by creditors; and (vi) the general chronology of the events and transactions under inquiry. See In re Kaiser, 722 F.2d 1574, 1582-83 (2d Cir. 1983).

Several of these factors allegedly are present here. Plaintiff claims that ODA did not receive fair consideration for the transfer of the warehouse and that Individual Defendants were officers of ODA (Factor One). Individual Defendants were the only U.S. employees of ODA, and defendant Zhang was president of the company (Factor Two). Plaintiff alleges that the transfer of the warehouse rendered ODA insolvent (Factor Four). Further, ODA's initial default on the loan and the existence of a substantial judgment against ODA coupled with the suspicious timing of the transfer of the warehouse during the pendency

of the New York action to recover the loan (Factors Five and Six) could lead a reasonable fact-finder to conclude that the sale of the warehouse was made with actual intent to hinder, delay, or defraud future creditors.

Plaintiff thus has alleged several indicia of fraud to state adequately a prima facie case under NYDCL § 276 that satisfies the Fed. R. Civ. P. 9(b) pleading requirements, so the claim survives Individual Defendant's motion to dismiss.

## CONCLUSION

Individual Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim is denied.

Dated: New York, New York
       March 8, 2010

SO ORDERED

Thomas P. Griesa
U.S.D.J.

17