UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x
                                               :
                                               :
BANK OF COMMUNICATIONS, NEW                    :
YORK BRANCH,                                   :
                                               :    07 Civ. 4628 (TPG)
                     Plaintiff,                :
                                               :         **OPINION**
          v.                                   :
                                               :
OCEAN DEVELOPMENT AMERICA, INC.,               :
ET AL.,                                        :
                                               :
                     Defendants.               :
                                               :
-----------------------------------------------x

  Plaintiff Bank of Communications, New York Branch ("plaintiff"), brought this diversity action in May 2007 against defendants Ocean Development America, Inc. ("Ocean"), as well as Ocean's former president Xiaomin Zhang and Zhang's husband, Hongming Li (collectively, the "Individual Defendants"). Plaintiff's claim stems from the conveyance of a single parcel of real estate from Ocean to the Individual Defendants, in June 2004, for $520,000. This sale price was based on an appraisal conducted before the sale date, and included a $40,000 discount off the appraised price, because the insider transaction was conducted without a broker's fee. At the time of the sale, Ocean had a $430,000 mortgage remaining on the property owed to a third-party bank.

  Ocean transferred the property to the Individual Defendants *after* it had defaulted on a loan of over $5 million from plaintiff, and *after* plaintiff had commenced a lawsuit in New York Supreme Court to collect the unpaid

balance owed by Ocean.  Neither Ocean nor the Individual Defendants notified plaintiff before transferring the property.  The sale of the property rendered Ocean insolvent.

Plaintiff alleged that Ocean fraudulently transferred the property to the Individual Defendants as joint tenants to evade Ocean's creditors, thus violating N.Y. Debt. & Cred. Law §§ 273 and 276.  After a three-day bench trial in September 2013, the court found no liability under Section 273, because "fair consideration was paid" for the property in question.  Trial Tr. 272:23-273:7.  However, the court found the Individual Defendants liable under Section 276, stating:

> I am finding that they are liable under 276 because at the time they bought the property, being insiders, there was a large debt to Bank of Communications.  There was litigation by the Bank of Communications to recover on that debt, and the building in question . . . at that time was essentially the only asset in the United States against which any creditor could have hope or recovery.

Trial Tr. 273:8-15.  The court further found that the Individual Defendants "had a clear obligation to notify Bank of Communications of any proposed sale of that building," but in fact "took no step to notify or tell or advise Bank of Communications of this proposed transaction   . . . [which] was a knowing hindrance on the part of [the Individual Defendants.]"  Trial Tr. 273:16-274:2.

After making a finding of liability under Section 276, the court directed the parties to submit post-trial briefs on the issue of damages and attorneys' fees.

The court has reviewed the parties' respective submissions, and finds

that plaintiff is entitled to a money judgment in the amount of $130,000, as well as $50,000 in attorneys' fees.

## DAMAGES

Section 276 provides that every "conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law § 276. Although Section 276 does not specify the appropriate way to calculate damages for a fraudulent conveyance, courts have looked to Section 278 for guidance when imposing damages. Section 278 provides in pertinent part:

> Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such purchaser ... [h]ave the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim.

N.Y. Debt. & Cred. Law § 278(1)(a). Although the traditional remedy for fraudulent conveyance under Section 278 is rescission—by having the conveyance in question "set aside"—a creditor may also "recover money damages against parties who participate in the fraudulent transfer and are either transferees of the assets or beneficiaries of the conveyance." *RTC Mortgage Trust 1995-S/N1 v. Sopher*, 171 F. Supp. 2d 192, 201-02 (S.D.N.Y. 2001); *see also In re Adelphia Recovery Trust*, 634 F.3d 678, 691-93 (2d Cir. 2011) (collecting cases, and noting that "there is considerable authority

3

suggesting that New York law" allows for a money judgment when the remedy of rescission is not "practicable").

Before directing the parties to brief the issue of damages under Section 276, the court rejected plaintiff's suggestion that the appropriate remedy was full reconveyance of the property in question. In rejecting plaintiff's proposed remedy, the court stated: "It seems to me that it would be an injustice – and really, I don't think it would serve any legitimate point – to take the property away [from the Individual Defendants]" unless the Individual Defendants were compensated for the $520,000 they paid to purchase the property. Trial Tr. 269:13-270:21. Rather than accepting full reconveyance, the court suggested a more moderate measure of damages, stating:

> So we don't have a piece of property that was available to the Bank of Communications free and clear; we don't have that. So the Bank of Communications is not damaged by failing to get a free and clear piece of property. The Bank of Communications is damaged . . . [with] a limited amount of damage . . . There was a mortgage in existence, $430,000. So what would be a proper remedy is some reasonable estimate . . . [of] the damage to the Bank of Communications . . . being deprived of the right to have notice, negotiate with the mortgagee, participate in any mortgage proceeding, and since the defendants paid $520,000 for the building, I would believe it grossly unfair to order them to be divested of that building unless the Bank of Communications paid them for it . . . This means, in my view, that there must be some assessment of damages, some monetary remedy against [defendants], which reflects the harm done to Bank of Communications. And what I'm referring to is . . . their inability to realize something from the building by negotiating with the mortgagee[.]

Trial Tr. 271:17-274:17.

Despite this guidance from the court at trial, plaintiff now urges the court to reverse the transaction in its entirety. This, the court will not do. Rather, the court orders the Individual Defendants to pay $130,000 in damages to plaintiff. This amount—the difference between the mortgage on the property and the appraisal value prior to the June 2004 sale—is a fair assessment of the damage done to plaintiff when it was precluded from negotiating with the mortgagee before the fraudulent transfer occurred.

**FEES**

Plaintiff seeks attorneys' fees pursuant to N.Y. Debt. & Cred. Law § 276-a, which mandates the award of attorneys' fees where, as here, a fraudulent conveyance is found under Section 276.

When attorneys' fees are warranted, district courts in this Circuit must set a reasonable hourly rate, bearing in mind "all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees," and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); *see also Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). The "most critical factor in a district court's determination of what constitutes reasonable attorneys' fees in a given case is the degree of success obtained by the plaintiff." *Finch v. New York State Office of Children & Family Servs.*, 861 F. Supp. 2d 145, 152 (S.D.N.Y. 2012) (internal citations omitted). As the Supreme Court has made clear, when a "plaintiff has achieved only partial or

5

limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983). "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.*

Here, plaintiff seeks $213,929.84 for six years of legal work, and has submitted multiple affidavits and invoices setting forth the nature and extent of such fees and costs. (Dkt. Nos. 104-105.) The total includes $35,460 billed by Howard S. Krebs, Esq. (at a rate of $450 per hour), fees for additional hours billed by all other attorneys and paralegals (at rates between $140 and $485 per hour), and costs of $4,803.10.

The court finds that the hourly rates provided by plaintiff's counsel are reasonable. And, the court has no reason to doubt that plaintiff's counsel devoted the claimed amount of billable hours to this case. But plaintiff prevailed only on its claim under Section 276. However, plaintiff's counsel prepared for trial on multiple legal theories, including alleged Section 273 liability—a claim not eligible for fee-shifting. Only the last day of the three-day trial focused on Section 276 liability. Moreover, plaintiff's claimed fees include amounts stemming from its unsuccessful motion for summary judgment— which was also premised in large part on alleged Section 273 liability. And, plaintiff seeks fees for time spent litigating the entry of default judgment in this case, for which defendants have already compensated plaintiff. *See* Dkt. No. 45. Finally, plaintiff seeks costs of nearly $5,000, as well as fees for time spent briefing the reasonable amount of damages and fees, even though Section

276-a does not provide for the award of such costs or fees. *See In re Kovler,* 253 B.R. 592, 601-05 (Bankr. S.D.N.Y. 2000).

Given the circumstances described above, the court believes that an award of nearly $214,000 to plaintiff would not be in line with the "critical factor" when calculating a reasonable fee—the degree of success obtained by plaintiff. Having considered this critical factor, as well as the myriad case-specific variables required by the Second Circuit when determining a reasonable fee, the court awards attorneys' fees in the amount of $50,000.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is ordered to enter judgment in favor of plaintiff in the amount of $130,000. The court also awards plaintiff $50,000 in attorneys' fees, for a combined award of $180,000.

SO ORDERED.

Dated: New York, New York
       December 4, 2014

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2014